**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE ELITO ZUBIA ESCARCEGA,

     Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

     Respondent.

No. 22-9550
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Jose Elito Zubia Escarcega petitions for review of the denial of his application for cancellation of removal by the Board of Immigration Appeals (BIA). Exercising jurisdiction under 8 U.S.C. 1252(a), we dismiss in part for lack of jurisdiction and deny in part his petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Mr. Zubia Escarcega is a native and citizen of Mexico.  He was admitted to the United States most recently in 2010, after presenting a border crossing card.  The Department of Homeland Security issued him a notice to appear in 2014, charging him as removable based on his failure to comply with his nonimmigrant status after being admitted.  Mr. Zubia Escarcega conceded the charge but applied for cancellation of removal for certain nonpermanent residents under 8 U.S.C. § 1229b(b)(1).[1]  Among other requirements, cancellation of removal requires the noncitizen to establish "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative.  § 1229b(b)(1)(D).  Mr. Zubia Escarcega claimed his removal would result in exceptional and extremely unusual hardship to his thirteen-year-old son, Jaden, who is a United States citizen.

An immigration judge (IJ) denied Mr. Zubia Escarcega's application, noting that Jaden would remain in the United States and would be cared for by his mother, Jennifer Contreras, who has full custody of Jaden.  The IJ found that Jaden "will have a supportive and stable environment here if [Mr. Zubia Escarcega] returns to Mexico."  R. at 64.  The IJ noted that Ms. Contreras takes Jaden to school and medical appointments and is the primary financial provider for him, while Mr. Zubia

---

[1] Mr. Zubia Escarcega also applied for cancellation of removal as a battered spouse under § 1229b(b)(2).  He has forfeited our consideration of the BIA's denial of that relief by failing to challenge the BIA's ruling in his opening appeal brief.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

Escarcega sees Jaden an average of once a week and provides approximately $350 per month toward Jaden's support. The IJ further found that Jaden will not have medical or educational problems that would be significantly exacerbated if Mr. Zubia Escarcega returns to Mexico. The IJ acknowledged that Jaden would experience some financial hardship if his father is not able to continue to make monthly payments toward his son's care.

On appeal, the BIA agreed with the IJ that Mr. Zubia Escarcega failed to establish that Jaden would suffer exceptional and extremely unusual hardship if he returns to Mexico, noting the IJ had "properly considered the aggregate effect of the relevant hardship factors, including the child's age, health, family ties, and the financial impact of [Mr. Zubia Escarcega's] removal." *Id.* at 4. The BIA addressed his contention "that his son might be living in an unhealthy environment." *Id.* But the BIA concluded:

> [T]he respondent has not taken any legal action to gain custody of his son. The record otherwise contains minimal evidence regarding the son's living situation or that the respondent's removal will exacerbate any existing problems. While we understand the respondent's testimony that he was reluctant to seek legal intervention, on the whole, the record supports the Immigration Judge's conclusion that the respondent has not shown that the hardships present in this case are substantially beyond that which would ordinarily be expected to result from a close family member's removal from the United [States].

*Id.* (citation omitted). The Board affirmed the IJ's denial of cancellation of removal and dismissed Mr. Zubia Escarcega's appeal.

## II.    Discussion

### A.    Jurisdiction and Standard of Review

The agency denied Mr. Zubia Escarcega's application for cancellation of removal under § 1229b(b)(1).  We lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b."  8 U.S.C. § 1252(a)(2)(B)(i).  This jurisdictional bar "plainly includes factual findings."  *Patel v. Garland*, 596 U.S. 328, 339 (2022).  But another provision of § 1252 preserves our jurisdiction to review constitutional claims and questions of law regarding cancellation of removal.  *See id.* at 339-40; 8 U.S.C. § 1252(a)(2)(D).  We therefore lack jurisdiction in this petition for review unless Mr. Zubia Escarcega raises a constitutional claim or a question of law.

While this petition was pending, the Supreme Court clarified "that the application of the statutory 'exceptional and extremely unusual hardship' standard to a given set of facts presents a mixed question of law and fact" subject to judicial review under § 1252(a)(2)(D) as a question of law.  *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024).  This is true even though application of the hardship standard "requires a close examination of the facts."  *Id.* at 222.  *Wilkinson* abrogated our contrary holding in *Galeano-Romero v. Barr*, 968 F.3d 1176, 1183-84 (10th Cir. 2020), that we lacked jurisdiction to review the BIA's hardship decision because that determination is discretionary.  *See* 601 U.S. at 216-17 & n.2.  *Wilkinson* reiterated, however, that "[t]he facts underlying any determination on cancellation of removal . . . remain unreviewable."  *Id.* at 225.

4

Because a single member of the BIA decided Mr. Zubia Escarcega's appeal in a brief order, "we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted). We review questions of law and constitutional claims de novo. *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024). Where the issue is whether "established facts satisfy the statutory [hardship] standard," this mixed question of law and fact is "primarily factual" and our "review is deferential." *Wilkinson*, 601 U.S. at 225; *see also Martinez*, 98 F.4th at 1021.

### B.     Mr. Zubia Escarcega's Contentions

Mr. Zubia Escarcega argues he demonstrated that his son would suffer exceptional and extremely unusual hardship if he is removed. He contends the IJ made a clearly erroneous factual finding in concluding "that 'Jaden will have the assistance of his mother and her family who will care [for] him' and that 'if Jaden remains in the United States he will have a supportive and stable environment here.'" Pet'r's Opening Br. at 7 (quoting R. at 64). Mr. Zubia Escarcega points to evidence that Jaden "would not only lose his relationship with his father should [he] be removed, but would also be subjected to an unstable home life with his mother in the United States." *Id.* at 17-18. He cites his testimony that:  Jaden's mother and uncles gave Jaden alcohol to drink at age 10; Jaden told Mr. Zubia Escarcega that "his step-father locks him up in a closet and punishes him," R. at 112; Ms. Contreras is not financially able to provide for all of his son's needs, as evidenced by her

5

demanding that Mr. Zubia Escarcega pay for Jaden's new glasses; Jaden's mother is an unreliable guardian because she left Jaden with Mr. Zubia Escarcega for three months when she experienced domestic problems. He argues the IJ "wholly ignored evidence regarding the abuse to his U.S. citizen child." Pet'r's Opening Br. at 24.

Mr. Zubia Escarcega contends that the BIA erred by concluding that the IJ's clearly erroneous finding regarding Jaden's safe and supportive home environment was supported by the record. In affirming that finding, he argues that the BIA did not address his contention "that the IJ . . . wholly ignored an entire portion of the record." *Id.* Mr. Zubia Escarcega further argues the BIA ignored his explanation why he has not taken legal action to gain custody of Jaden. He asserts that the BIA dismissed the evidence of Ms. Contreras's threats regarding immigration consequences and her withholding of time with Jaden, based on which he concluded "[i]t was safer for his son, and for himself, to maintain what little contact he could," *id.* at 19.

In sum, Mr. Zubia Escarcega argues he demonstrated his removal would result in exceptional and extremely unusual hardship to Jaden because "[t]he evidence shows Jaden would suffer emotionally from being cut off from his father, financially from his father being unable to provide support for emergency needs, and physically from being left in an unsafe and unstable home environment." *Id.*

Asserting that he raises both constitutional claims and questions of law, Mr. Zubia Escarcega maintains that we have jurisdiction to decide his petition for review under § 1252(a)(2)(D).

6

### 1.    Mr. Zubia Escarcega Raises Unreviewable Challenges to Factual Findings

The government argues that Mr. Zubia Escarcega's contentions are not reviewable by this court to the extent he challenges the agency's factual findings underlying its determination that he failed to demonstrate his removal would result in exceptional and extremely unusual hardship to Jaden.  We agree.  Mr. Zubia Escarcega contends that the BIA accepted the IJ's clearly erroneous factual finding that Jaden's home life with his mother is supportive and stable.  But § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of" cancellation of removal, which "plainly includes factual findings."  *Patel*, 596 U.S. at 338-39.  The only exceptions to this prohibition are constitutional claims and questions of law, review of which is preserved by § 1252(a)(2)(D).  *See id.* at 339; *Wilkinson*, 601 U.S. at 218.

### 2.    Mr. Zubia Escarcega Does Not Raise a Question of Law Reviewable Under § 1252(a)(2)(D)

Mr. Zubia Escarcega contends that his challenge to the agency's hardship determination "falls squarely within the ambit of *Wilkinson*" as a reviewable question of law under § 1252(a)(2)(D).  Pet'r's Suppl. Br. at 2.  *Wilkinson* held "that the application of the statutory 'exceptional and extremely unusual hardship' standard *to a given set of facts* presents a mixed question of law and fact."  601 U.S. at 221 (emphasis added); *see also id.* at 212 ("The application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) *to an established set of facts* is a quintessential mixed question of law and fact." (emphasis added)); *id.* at

7

219 ("The application of a legal standard *to undisputed or established facts* is a mixed question." (emphasis added) (internal quotation marks omitted)). Thus, "a mixed question of law and fact that is reviewable under § 1252(a)(2)(D)" arises "[w]hen an IJ weighs . . . found facts and applies the 'exceptionally and extremely unusual hardship' standard." *Id.* at 222. Here, however, Mr. Zubia Escarcega does not contend that the agency misapplied the statutory hardship standard to the facts the IJ found in his case. He *challenges* those underlying factual findings, which remain outside our scope of review, *see id.*[2]

Mr. Zubia Escarcega also argues we can review—as a question of law—whether the agency's factual findings are supported by the record because the BIA lacks discretion to make unsubstantiated findings of fact. He essentially asserts that a question of law arises whenever the BIA acts beyond the bounds of its discretion. For this proposition, Mr. Zubia Escarcega points to our reasoning in *Galeano-Romero*, holding that we had jurisdiction to review a challenge to the denial of cancellation of removal that does not "ask[] us to reweigh evidence and substitute our view in place of the [BIA's] discretionary decision." 968 F.3d at 1184. He emphasizes our cited examples in *Galeano-Romero* of reviewable questions of law challenging BIA rulings that we characterized as exceeding the BIA's discretion. *See id.* But that analysis was tied to our holding, since abrogated by *Wilkinson*, that the

---

[2] In light of this holding, we need not address Mr. Zubia Escarcega's contentions regarding the proper standard of review when a petitioner raises a mixed question of law and fact regarding the agency's application of the hardship standard to a given set of facts.

BIA's application of the hardship standard in § 1229b(b)(1)(D) is an unreviewable discretionary determination.

Mr. Zubia Escarcega nonetheless asserts that both legal and "nondiscretionary" components of the agency's hardship determination are reviewable under *Wilkinson*. Pet'r's Suppl. Br. at 5.  But this contention finds no support in *Wilkinson*.[3]  Rather, *Wilkinson* makes clear that, when reviewing the BIA's denial of cancellation of removal, our jurisdiction extends only to constitutional claims and questions of law. 601 U.S. at 218.  And *Patel* rejected a narrow construction of § 1252(a)(2)(B)(i) that would permit review of nondiscretionary judgments.  *See* 596 U.S. at 338 (holding that "'any' means that the provision applies to judgments of whatever kind . . . not just discretionary judgments" (internal quotation marks omitted)); *see also* Pet'r's Opening Br. at 9 (asserting that *Patel* did away with "the discretionary/ nondiscretionary dichotomy previously used by this and other circuit courts to determine what issues are reviewable as 'questions of law.'").[4]

---

[3] Mr. Zubia Escarcega provides no citation to *Wilkinson* supporting this proposition.  *See* Pet'r's Suppl. Br. at 5.

[4] Mr. Zubia Escarcega's reliance on *Qiu v. Sessions*, 870 F.3d 1200 (10th Cir. 2017), is misplaced.  In *Qiu*, we reviewed the BIA's denial of a motion to reopen for an abuse of discretion.  *Id.* at 1202.  But unlike this case, *Qiu* did not involve an application for relief subject to the jurisdictional bar in § 1252(a)(2)(B)(i).  *See id.* (noting noncitizen sought asylum and withholding of removal).

### 3.    Mr. Zubia Escarcega Does Not Raise an Exhausted and Colorable Constitutional Claim Reviewable under § 1252(a)(2)(D)

"We retain jurisdiction over 'colorable' constitutional claims for purposes of § 1252(a)(2)(D)." *Galeano-Romero*, 968 F.3d at 1184. "[A]n alien in removal proceedings is entitled only to . . . procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) (internal quotation marks omitted), *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209 (2024). A petitioner does not raise a reviewable constitutional claim by recasting a challenge to an agency factual determination as a due process violation. *See Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1116 (10th Cir. 2012). Nor do arguments "that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome" "present a colorable constitutional claim." *Galeano-Romero*, 968 F.3d at 1184-85 (internal quotation marks omitted). But "an allegation of wholesale failure to consider evidence implicates due process." *Alzainati*, 568 F.3d at 851 (distinguishing "sufficiency-of-consideration arguments [that] are not constitutional claims") (internal quotation marks omitted).

Mr. Zubia Escarcega asserts that he raised in his BIA appeal the IJ's wholesale disregard of "evidence regarding the abuse to his U.S. citizen child" and that he asked the BIA to remand "for the IJ to make findings considering the full record." Pet'r's Opening Br. at 24. He says the BIA "recognized in one sentence that [he] made this argument" but it "did not address the argument, nor did it acknowledge that

10

the IJ did in fact wholly ignore[] an entire portion of the record." *Id.* Mr. Zubia Escarcega contends these allegations raise a constitutional claim reviewable under § 1252(a)(2)(D) that the agency denied him due process when the IJ wholly ignored evidence and the BIA failed to address his argument about the wholesale disregard of evidence. We conclude that he did not exhaust this contention, in part, and the remainder of his argument does not raise a colorable due process claim over which we have jurisdiction.

### i.    Failure to Exhaust

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. 1252(d)(1). "To satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). "[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). "[I]ssue exhaustion is a mandatory claim-processing rule that should be enforced where a party timely and properly objects." *Miguel-Pena v. Garland*, 94 F.4th 1145,

11

1155 (10th Cir. 2024) (brackets, ellipsis, and internal quotation marks omitted), *petition for cert. filed*, (U.S. July 9, 2024) (No. 24-12).

The government argues Mr. Zubia Escarcega failed to exhaust in his BIA appeal his contention that the IJ violated his right to due process by wholly ignoring evidence. *See* Resp't Br. at 32 n.5. Although he claims that he raised the IJ's wholesale disregard of a portion of the evidence in his BIA appeal, neither the page he cites, *see* R. at 24, nor the remainder of his appeal brief addressed this issue. He instead summarized the evidence supporting his claim that Jaden would not be safe if he were removed, argued "the IJ did not afford [this evidence] any weight," and asserted the IJ's contrary finding was "completely unsupported by the record." *Id.* Thus, Mr. Zubia Escarcega argued to the BIA that his evidence—which he said the IJ incorrectly weighed and insufficiently considered—supported a different outcome. Such contentions differ from the wholesale-failure-to-consider-evidence argument he now raises. *See Alzainati*, 568 F.3d at 852 (holding such contentions "do not raise a colorable constitutional claim"). We conclude that Mr. Zubia Escarcega did not put before the BIA "the *same specific legal theory*" that he now asserts. *Garcia-Carbajal*, 625 F.3d at 1237. We therefore decline to consider this unexhausted issue. *See Miguel-Pena*, 94 F.4th at 1155 ("We enforce the exhaustion requirement by declining to consider the unexhausted issue.").

### ii.     Absence of Colorable Constitutional Claim

Mr. Zubia Escarcega also contends that, in failing to consider his argument that the IJ wholly ignored a portion of the evidence, the BIA deprived him of due

process.  As we have concluded, however, he did not present that specific issue to the BIA.  Moreover, as he concedes, the BIA recognized the argument he *did* make.  *See* Pet'r's Opening Br. at 24; *see* R. at 4 (BIA's conclusion the record "contain[ed] minimal evidence regarding the son's living situation").  Mr. Zubia Escarcega contends that the BIA's discussion was nonetheless too brief, but his "quarrel about the level of detail required in the BIA's analysis [is] not a colorable due process claim."  *Alzainati*, 568 F.3d at 851; *see also id.* at 852 (concluding noncitizen failed to "explain[] how the length of the decision is determinative . . . of constitutional adequacy required by fundamental fairness").  We therefore lack jurisdiction to consider this contention that fails to raise a colorable constitutional claim.  *See Galeano-Romero*, 968 F.3d at 1184.

## III.   Conclusion

We dismiss in part for lack of jurisdiction and deny in part Mr. Zubia Escarcega's petition for review.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

13