**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CIRILO OLMEDO MARTINEZ,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 23-9593

_____

**Petition for Review of a Decision
of the Board of Immigration Appeals**

_____

Submitted on the briefs:[*]

Margaret W. Pascual, Pascual Law, PLLC, Salt Lake City, Utah, for Petitioner.

Lindsay Dunn, Trial Attorney, and Kiley Kane, Senior Litigation Counsel, Office of
Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.,
for Respondent.

_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.

_____

**KELLY**, Circuit Judge.

_____

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Petitioner Cirilo Olmedo-Martinez seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen and remand, arguing that he is eligible for cancellation of removal and that the BIA applied an incorrect legal standard. We exercise jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and deny the petition for review.

**Background**

The Department of Homeland Security charged Mr. Olmedo-Martinez, an alien, with removability. R. 638. Mr. Olmedo-Martinez applied for cancellation of removal, and on April 3, 2019, the Immigration Judge (IJ) denied relief due to Mr. Olmedo-Martinez's failure to demonstrate his removal would result in exceptional and extremely unusual hardship to family members. Id. at 163–64, 389–401.

Mr. Olmedo-Martinez appealed to the BIA and moved to remand the proceedings, arguing that the IJ did not adequately consider the evidence of hardship and asserting that previously unavailable evidence would likely change the result. Id. at 54–55, 93–102. Specifically, Mr. Olmedo-Martinez presented evidence that (1) a different IJ granted his brother's withholding of removal due to ongoing familial violence in Mexico, and (2) his wife gave birth to a daughter. Id. at 57–59. On October 11, 2022, the BIA dismissed the appeal and declined to remand the case, concluding that Mr. Olmedo-Martinez failed to show, first, how his brother's case established anything beyond what he previously presented to the IJ, and second, how his newborn daughter would change the outcome of the IJ's disposition. Id. at 41–43.

2

Mr. Olmedo-Martinez then filed a motion to reopen and remand the case based on additional new evidence: his son's diagnosis with a complex medical condition and an educational impairment. Id. at 9–10. On September 14, 2023, the BIA denied the motion "for failure to demonstrate prima facie eligibility for cancellation of removal[.]" Id. at 2. The Board held Mr. Olmedo-Martinez could not demonstrate that the condition was particularly serious or that his child could not continue treatment in his absence, and he failed to sufficiently address how his removal would affect his child's educational hardship. Id. at 2–3. He seeks review of this decision.

### Discussion

As a threshold matter, the government argues that we lack jurisdiction to review Mr. Olmedo-Martinez's petition because 8 U.S.C. § 1252(a)(2)(B)(i) "precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D)," which, consequently, bars our review of the BIA's denial of the motion to reopen. Resp. Br. at 9–10 (quoting Alzainati v. Holder, 568 F.3d 844, 849 (10th Cir. 2009)). While this case was pending, the Supreme Court clarified that "application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D)." Wilkinson v. Garland, 601 U.S.__, 2024 WL 1160995, at *5 (2024). In doing so, the Supreme Court abrogated our decision in Galeano-Romero v. Barr where we held that application of the exceptional and extremely unusual hardship standard does not raise questions of law under § 1252(a)(2)(D). 968 F.3d

3

1176, 1182–84 (10th Cir. 2020).[1]  Under Wilkinson, we have jurisdiction to review the underlying hardship determination, and therefore we review the BIA's denial of Mr. Olmedo-Martinez's motion to reopen.  See Alzainati, 568 F.3d at 848–49.[2]

We typically review the BIA's denial of a motion to reopen for abuse of discretion.  Kucana v. Holder, 558 U.S. 233, 242 (2010); Maatougui v. Holder, 738 F.3d 1230, 1239 (10th Cir. 2013); Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004).  And under § 1252(a)(2)(D), "[w]e review any valid constitutional claims or questions of law de novo."  Alzainati, 568 F.3d at 851.  Of course, in Wilkinson the Court clarified that we review the hardship determination as a question of law under § 1252(a)(2)(D).  2024 WL 1160995, at *5.  However, the Supreme Court explained that "[b]ecause this mixed question is primarily factual, that review is deferential."  Id.; see also Yanez-Olivo v. Garland, No. 23-3653, 2024 WL 1282607, at *1 (6th Cir. Mar. 26, 2024) (applying Wilkinson's deferential standard of review in considering IJ's determination of eligibility for cancellation).  Thus, we apply a deferential standard to review the BIA's hardship determination.

**A. Exceptional and Extremely Unusual Hardship**

The BIA denied the motion due to Mr. Olmedo-Martinez's failure to establish "a reasonable likelihood . . . that the statutory requirement of exceptional and

---

[1] In addition to Galeano-Romero, the Supreme Court's decision partially abrogated Alzainati, 568 F.3d at 847–50, on the same ground.

[2] We still lack jurisdiction to review agency factfinding.  Wilkinson, 2024 WL 1160995, at *9 ("The facts underlying any determination on cancellation of removal therefore remain unreviewable.").  For example, "the seriousness of a family member's medical condition" would be unreviewable.  Id.

4

extremely unusual hardship would be met in reopened proceedings." R. 2. Under this standard, the applicant must establish hardship that is "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 65 (B.I.A. 2001) (en banc). For example, the BIA has noted that an applicant whose child has "very serious health issues, or compelling special needs in school" might qualify. Id. at 63. But economic detriment and diminished educational opportunities are insufficient. In re Andazola-Rivas, 23 I. & N. Dec. 319, 323 (B.I.A. 2002).

Given the high standard, the BIA did not err in denying the motion to reopen. The Board recognized that Mr. Olmedo-Martinez's son was diagnosed with a complex bowel issue, but relying upon a medical article proffered with the motion, found that it could be ameliorated by a variety of treatments including behavioral modification. R. 2–3. Similarly, though his son has been placed in an Individualized Education Program (IEP) at school, Mr. Olmedo-Martinez failed to show how his removal would cause his son's educational impairments to rise to the level of extremely unusual hardship. Id. at 3. His generic statement that his son would require increased time, attention, and resources was insufficient. Id. at 13.

Finally, contrary to Mr. Olmedo-Martinez's argument that the BIA failed to address the cumulative effects of all the evidence presented, Pet. Br. at 13–14, the Board reasoned that "the documents submitted, even when considered **in the aggregate with other evidence of record**, do not make a prima facie case for hardship[.]" R. 3 (emphasis added). Therefore, the BIA properly considered all Mr.

5

Olmedo-Martinez's proffered evidence, including potential violence in Mexico and problems stemming from his separation from his children and financial loss. Pet. Br. at 13. While the hardships faced by Mr. Olmedo-Martinez and his family are undoubtedly difficult, they do not rise to the level of exceptional or extremely unusual hardship.

### B. The BIA's Application of the Legal Standard

Applying de novo review, we conclude that Mr. Olmedo-Martinez's remaining argument fails. He claims that the BIA's September 2023 denial "appears" to substitute the "reasonable likelihood" standard for a higher standard — whether the new evidence "would likely" establish exceptional and extremely unusual hardship in a reopened proceeding. Pet. Br. at 2. This argument is inconsistent with the record; the BIA's September 2023 order uses only the "reasonable likelihood" standard. See R. 2–3.

To the extent Mr. Olmedo-Martinez argues that an incorrect legal standard was applied in the IJ's April 2019 decision or the BIA's October 2022 order, he failed to raise such arguments in his initial appeal of the IJ's decision, id. at 88–103, in a motion to reconsider, see 8 U.S.C. § 1229a(c)(6), or elsewhere. Before advancing a specific legal theory in court, the alien must first present that same specific legal theory to the BIA. Miguel-Pena v. Garland, 94 F.4th 1145, 1154 (10th. Cir. 2024).

Accordingly, the Petition for Review is DENIED.

6