**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSE RAMON TORRES-MARTINEZ,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9549
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Petitioner Jose Ramon Torres-Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen his application for cancellation of removal. His petition is dismissed to the extent it seeks review of the BIA's denial of cancellation, and otherwise denied.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background and Prior Proceedings

Mr. Torres-Martinez entered the United States without inspection in 2003. In 2012, the Department of Homeland Security charged him with being removable from the United States. He conceded removability but applied for cancellation of removal under 8 U.S.C. § 1229b. In 2018, an Immigration Judge (IJ) held a hearing and denied his application for cancellation. Based on Mr. Torres-Martinez's driving-related convictions—for reckless driving in 2011, for a DUI in 2012, and for another DUI in 2016—the IJ found he had not established the "good moral character" required by § 1229b(b)(1)(B) to be eligible for cancellation and also denied cancellation "as a matter of discretion." R. at 204.

Mr. Torres-Martinez appealed to the BIA, which affirmed both the IJ's finding that he "has not shown the good moral character required pursuant to [§ 1229b(b)(1)(B)]" and also the conclusion that "cancellation of removal is not warranted in the exercise of discretion." R. at 106. Mr. Torres-Martinez did not petition for judicial review of that decision. Instead, he filed a motion to reopen with the BIA, submitting additional evidence. The BIA denied his motion to reopen. Mr. Torres-Martinez then petitioned for our review of that decision. Respondent moved for a remand to allow the BIA to "conduct an individualized assessment of [Mr. Torres-Martinez's] evidence," R. at 23, and we granted that motion.

On remand, the BIA again denied the motion to reopen. After considering his additional evidence, it found Mr. Torres-Martinez "still [did] not meet [his] burden of showing . . . the requisite good moral character" needed for prima facie eligibility for

2

cancellation. Further, the BIA also ruled that "notwithstanding the new evidence, Mr. Torres-Martinez still "ha[d] not shown that he merits a discretionary grant of cancellation of removal," concluding that "negative considerations, including, inter alia, his two DUI convictions and twice leaving the scene of accidents, outweigh his equities." R. at 4. Mr. Torres-Martinez now seeks review of that decision.

## II. Legal Standards

If an alien meets the eligibility requirements set by § 1229b(b)(1)(A)–(D)—including being "a person of good moral character" for ten years preceding his application, § 1229b(b)(1)(B)—then "[t]he Attorney General *may* cancel removal," § 1229b(a) (emphasis added). "Because relief from removal is always a matter of grace, even an eligible noncitizen must persuade the immigration judge that he merits a favorable exercise of discretion." *Patel v. Garland*, 596 U.S. 328, 332 (2022) (internal quotation marks omitted).

When the BIA makes a discretionary judgment to deny cancellation of removal, this court's judicial review is "sharply circumscribed." *See id.* Specifically, "[8 U.S.C.] § 1252(a)(2)(B)(i) strips courts of jurisdiction over 'judgments regarding the granting of discretionary relief under section 1229b.'" *Wilkinson v. Garland*, 601 U.S. 209, 218 (2024) (quoting § 1252(a)(2)(B)(i) (alterations omitted)).

An exception to that jurisdictional restriction is carved out by § 1252(a)(2)(D), which preserves judicial review of "constitutional claims or questions of law." The Supreme Court has held that such "questions of law" that remain subject to judicial

review include "the application of a legal standard to undisputed or established facts, also referred to as mixed questions of law and fact." *Wilkinson*, 601 U.S. at 217 (internal quotation marks omitted). Thus, "petitions raising mixed questions of law and fact are always reviewable as questions of law." *Id.* at 218–19. However, we "lack jurisdiction to review agency factfinding." *Martinez v. Garland*, 98 F.4th 1018, 1021 n.2 (10th Cir. 2024). Likewise, "if the IJ decides a noncitizen is *eligible* for cancellation of removal at step one, his step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law." *Wilkinson*, 601 U.S. at 225 n.4.[1]

Denial of a motion to reopen "is considered a final, separately appealable order." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). "We typically review the BIA's denial of a motion to reopen for abuse of discretion," while "review[ing] any valid constitutional claims or questions of law de novo." *Martinez*, 98 F.4th at 1021 (internal quotation marks omitted).

However, "we lack jurisdiction over motions to reopen when jurisdiction over the underlying removal order is precluded by statute." *Alzainati v. Holder*, 568 F.3d 844, 849 n.4 (10th Cir. 2009), *abrogated in part by Wilkinson*, 601 U.S. at 217;[2]

---

[1] An IJ can also assume eligibility and deny cancellation as a discretionary determination. *See Patel*, 596 U.S. at 332 ("[I]f the judge decides that denial would be appropriate regardless of eligibility, the judge need not address eligibility at all.").

[2] *Alzainati* applied then-controlling law in this circuit, which held the BIA's decision that an applicant had not shown "exceptional and extremely unusual hardship" to a relative under § 1229b(b)(1)(D) was a discretionary decision and therefore "insulated from our review under § 1252(a)(2)(B)[(i)]." 568 F.3d at 848.

*see also Infanzon*, 386 F.3d at 1362 (noting that "where judicial review of the underlying order is precluded," then judicial review of a "denial of a subsequent motion to reopen [is] also precluded"). Thus, "if, in deciding a motion to reopen the BIA credits and considers the new evidence . . . and determines the alien would still not be entitled to [cancellation], we cannot review that merits decision even if it takes the form of a denial of a motion to reopen." *Alzainati*, 568 F.3d at 850.

### III. Discussion

Because Mr. Torres-Martinez seeks review of the denial of a motion to reopen, our jurisdictional analysis "must consider the basis for the denial of the motion to reopen." *See Alzainati*, 568 F.3d at 849. Here, the BIA denied reopening for two independent reasons, concluding both that Mr. Torres-Martinez had not sufficiently established "good moral character" and also that cancellation was not warranted as a matter of discretion. The second reason—the BIA's decision that Mr. Torres-Martinez did not merit a discretionary grant of cancellation—is a discretionary judgment we have no jurisdiction to review. § 1252(a)(2)(B)(i); *Wilkinson*, 601 U.S.

---

*Wilkinson* abrogated that holding, establishing that "the application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D)." 601 U.S. at 217.

However, *Wilkinson* did not affect the rule from *Alzainati* and *Infanzon* that where § 1252(a)(2) precludes our review of the BIA's underlying decision, we also lack jurisdiction to review the denial of a motion to reopen that decision. *See Martinez*, 98 F.4th at 1020–21 & n.1 (acknowledging *Alzainati* is "partially abrogated" but citing it for the proposition that jurisdiction to review the denial of a motion to reopen depends on having jurisdiction over the underlying determination).

at 225 n.4. We therefore dismiss his petition to the extent it seeks review of that decision.

Furthermore, the BIA's discretionary decision not to grant cancellation of removal is independently dispositive of Mr. Torres-Martinez's application. Even assuming we have jurisdiction to review the BIA's determination regarding good moral character, any remand for the BIA to further consider that issue (*i.e.*, whether Mr. Torres-Martinez might be *eligible* for cancellation) would not reach the BIA's discretionary decision to not *grant* cancellation. We therefore do not address the moral character determination.[3] *See Alzainati*, 568 F.3d at 850 ("Requiring the agency to hold a hearing 'just for drill' is unnecessary and unwarranted."); *Am. Sw. Mortg. Corp. v. Cont'l Cas. Co.*, 84 F.4th 910, 917 n.4 (10th Cir. 2023) ("'We will not undertake to decide issues that do not affect the outcome of a dispute.'" (quoting *Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991)).

Lastly, in his reply brief Mr. Torres-Martinez argues the BIA violated his due process rights by failing to consider and address the new evidence submitted with his motion to reopen. We have jurisdiction to review "allegation[s] of wholesale failure to consider evidence," because such claims implicate due process. *See Alzainati*, 568 F.3d at 851 (internal quotation marks omitted); *see also id.* at 849 n.5. However, Mr. Torres-Martinez waived any due process claim because he did not raise it in his

---

[3] We also do not address whether, after *Wilkinson*, we would have jurisdiction to review the BIA's determination that Mr. Torres-Martinez did not meet the good moral character requirement under § 1229b(b)(1)(B) and 8 U.S.C. § 1101(f).

opening brief. *Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) ("[W]e will not entertain issues raised for the first time on appeal in an appellant's reply brief." (internal quotation marks omitted)). To the extent Mr. Torres-Martinez raises a due process claim, his petition is denied.

## IV.  Conclusion

For the foregoing reasons, Mr. Torres-Martinez's petition is dismissed to the extent he seeks review of the denial of cancellation of removal, and is otherwise denied.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge