**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

FRANCISCO DE LA CRUZ-DEL REAL,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9525
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

An immigration judge (IJ) denied Francisco De La Cruz-Del Real's application

for cancellation of removal and ordered him removed to Mexico.  He appealed the

IJ's decision to the Board of Immigration Appeals (BIA), which affirmed.  He now

petitions for our review of the agency's removal order.  We deny the petition.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Mr. De La Cruz is a native and citizen of Mexico who has been living in the United States illegally. In 2018 the Department of Homeland Security served him with a Notice to Appear (NTA) alleging he had entered the United States without being admitted or paroled after inspection. He admitted the allegations in the NTA and conceded his removability, but he sought cancellation of removal.

To be eligible for a discretionary grant of cancellation of removal, Mr. De La Cruz had to establish four elements: (1) physical presence in the United States for a continuous period of not less than ten years; (2) good moral character during that time; (3) no convictions for certain enumerated offenses; and (4) "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)-(D). The government stipulated that he met the physical presence requirement, had not been convicted of a disqualifying offense, and had three qualifying relatives: his two citizen children, and his lawful permanent resident mother. After considering the character evidence Mr. De La Cruz presented, the IJ determined that he established good moral character. Thus, for purposes of review, the only relevant issue is whether he showed the requisite hardship, and because he does not challenge the IJ's determination that he failed to establish hardship as to his mother, we limit our discussion of the background facts to those concerning his evidence of hardship to his children.

2

At the hearing Mr. De La Cruz testified that his children—J.D., then age 9, and B.D., then age 6—live with their mother, and he has custody of them on the weekends. Mr. De La Cruz voluntarily pays $350 per month in support and provides medical insurance for the children. He testified that B.D. is doing well in school and does not suffer from any medical conditions. However, a psychological assessment of J.D. showed that he has Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder , and anxiety. The assessment recommended that J.D. attend therapy and take medication for his disorders. Mr. De La Cruz testified that J.D. has behavioral issues but that he "seems [to be] getting a little bit better." R. at 77. Counsel for Mr. De La Cruz said J.D.'s mother "refused to do anything other than receive pills," and argued that J.D. "would benefit" from having "a father's presence." *Id.* at 83.

The IJ concluded Mr. De La Cruz's evidence did not meet the exceptional and unusual hardship standard. The IJ acknowledged that Mr. De La Cruz's removal would have an emotional impact on both children, but the IJ noted that "family separation is often an unfortunate side effect of removal proceedings" and found the impact of this family's separation did not "go substantially beyond that which is normally experienced by a family member in a similar case." *Id.* at 34. The IJ also acknowledged J.D.'s diagnoses and behavioral issues and that his "mother does not appear to have been particularly cooperative with the mental health evaluation." *Id.* The IJ also recognized that Mr. De La Cruz's presence in J.D.'s "life might very well have an impact on his behavior in the future." *Id.* Again, however, the IJ concluded

3

the hardship did not "rise to the level" of "exceptional and extremely unusual hardship" for J.D. because he is getting medication, is doing better, is in school, and "will continue to be cared for." *Id.* at 35.  Finally, the IJ recognized that Mr. De La Cruz would be unable to "replace the income he currently makes in the United States in Mexico," and that the loss of financial support would be a hardship for the children. *Id.*.  But the IJ concluded that hardship did not meet the statutory standard, "even if considered in the aggregate along with the behavior issues being suffered by [J.D.]." *Id.*

Mr. De La Cruz appealed to the BIA, which affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4).

## DISCUSSION

### 1. Jurisdiction and Standard of Review

The BIA's affirmance without opinion makes the IJ's decision the final agency determination for purposes of our review. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006); *see also* 8 C.F.R. § 1003.1(e)(4)(ii).  We review the IJ's decision under the substantial evidence standard. *See Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004).  Under that standard, the IJ's factual findings "are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted).  We must uphold the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted).

4

While this appeal was pending, the Supreme Court clarified that "the application of the statutory 'exceptional and extremely unusual hardship' standard to a given set of facts presents a mixed question of law and fact" subject to judicial review under § 1229b(b)(1)(D). *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024).[1] That is true even in cases that "require[] a close examination of the facts." *Id.* at 222. We are "still without jurisdiction to review a factual question raised in an application for discretionary relief." *Id.* Thus, the "IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable." *Id.* at 225. But "[w]hen an IJ weighs those found facts and applies the 'exceptional and extremely unusual hardship' standard, . . . the result is a mixed question of law and fact that is reviewable under § 1252(a)(2)(D)." *Id.* at 222. "Because this mixed question is primarily factual, that review is deferential." *Id.* at 225; *see also Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024) (stating that under *Wilkinson*, "we apply a deferential standard to review the BIA's hardship determination").

2.     **Application**

Mr. De La Cruz argues the IJ erred in concluding he did not meet the statutory hardship standard for his two children. Specifically, he argues the IJ "misappl[ied] the law," improperly weighed the evidence, and failed to consider the totality of the circumstances. Pet'r Br. at 5.

---

[1] *Wilkinson* abrogated our decision in *Galeano-Romero v. Barr*, 968 F.3d 1176, 1182-84 (10th Cir. 2020). 601 U.S. at 217 & n.2.

In assessing hardship, the agency considers several factors, including the "ages, health, and circumstances" of the applicant and his qualifying relatives. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001). "[A]ll hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship." *Id.* at 64. The applicant must show that the hardship to his qualifying relatives if he is removed would be "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Id.* at 62 (internal quotation marks omitted).

Mr. De La Cruz argues the IJ's decision is inconsistent with *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (BIA 2002) (en banc). But the facts and circumstances of *Recinas* differ from those of this case. In *Recinas*, the respondent was the single mother of six children, four of whom were United States citizens ranging in age from 5 to 12 years old. She depended on her mother to watch the children while she worked, and there was no indication the children's father remained actively involved in their lives. The children would return to Mexico with their mother if she were removed but they had never even traveled there and had difficulty speaking Spanish. Under these circumstances, the BIA found the case presented a close question, and fell "on the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met." *Id.* at 470. The BIA based its conclusion on the "cumulative" hardship factors, including "the heavy financial and familial burden on the adult respondent, the lack of support from the children's father, the United States citizen children's unfamiliarity with the Spanish language,

6

the lawful residence in this country of all of the respondent's immediate family, and the concomitant lack of family in Mexico." *Id.* at 472 (internal quotation marks omitted). Mr. De La Cruz's case does not present such an extraordinary, cumulative burden of unalleviated hardship factors, and the IJ's hardship analysis in his case was not inconsistent with *Recinas*'s cumulative approach. As *Recinas* stated, the "cumulative factors" present there were "unusual and will not typically be found in most other cases, where respondents have smaller families and relatives who" live in the United States. *Id.*

Mr. De La Cruz reiterates the hardships his children may face upon his removal, *see* Pet'r Br. at 7-8, but he does not show that the IJ ignored or failed to discuss the aggregate impact of these harms when making its hardship determination.

In sum, Mr. De La Cruz has not established that the IJ, contrary to the agency's precedent, failed to assess the aggregate impact of hardship to his children. Nor has he shown, under our deferential standard of review, that the IJ erred in concluding that he failed to show the required level of hardship. We therefore deny the petition for review on the hardship issue.

## CONCLUSION

The petition for review is denied.

Entered for the Court

Per Curiam

7