**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1573
_____

HUGO FRANCISCO MATEO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A208-443-795)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2024

Before: CHAGARES, *Chief Judge*, RESTREPO and FREEMAN, *Circuit Judges*

(Opinion filed: August 22, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**FREEMAN**, *Circuit Judge*.

Hugo Francisco Mateo sought cancellation of his removal to Guatemala, but an Immigration Judge and the Board of Immigration Appeals denied his request. He now petitions our Court for review and claims that the agency failed to properly weigh certain facts. For the following reasons, we will deny the petition.

**I**

A

Mateo is a citizen of Guatemala. He is of indigenous descent and suffered discrimination in Guatemala because of the color of his skin and his dialect. He entered the United States without authorization in 2002 at age 14 and has remained in this country ever since. His father, who is 71 years old, alcoholic, and blind in one eye, is a lawful permanent resident of the United States and is employed as a gardener. Mateo's mother and three of his eight siblings have passed away. Mateo and two of his brothers (who also live in the United States) provide financial support to their father, with Mateo contributing $200 per month.

Mateo is separated from his wife, Sabrina Lee Mateo (a U.S. citizen), with whom he has two school-age U.S. citizen children. Sabrina has primary custody of the children, but Mateo sees them every weekend and during their school vacations. He pays $600 per month in child support. Sabrina also lives with her new partner, Anthony, Anthony's two children, and Sabrina and Anthony's twins. Sabrina is disabled and does not work but

receives government benefits, and Anthony provides some financial assistance to Mateo's children.

B

Mateo was convicted of DUI in 2007 and 2016. Following his second DUI arrest, the Department of Homeland Security initiated removal proceedings. It charged that, as a noncitizen present without being admitted or paroled, he was removable under 8 U.S.C. § 1182(a)(6)(A)(i). Mateo conceded removability but sought cancellation of removal under 8 U.S.C. § 1229b(b). He testified that his children, who would remain in the United States, would be emotionally devastated and would lose financial support if he were removed. He also claimed that his children prefer to live with him and do not feel safe with Anthony. Finally, Mateo testified that his father economically depends on him and his brothers.

In August 2019, the Immigration Judge denied Mateo's application for cancellation of removal. The IJ determined that Mateo met three of the four cancellation criteria, but failed to demonstrate that any qualifying relatives would suffer exceptional and extremely unusual hardship if he were removed.[1] Mateo appealed, and in March 2023 the Board of Immigration Appeals adopted the IJ's decision and dismissed the

---

[1] To be eligible for cancellation of removal under the Immigration and Nationality Act, a petitioner must: (1) have been physically present in the United States for a continuous period of ten years, (2) be a person of good moral character, (3) have not been convicted of certain criminal offenses, and (4) demonstrate that removal would result in "exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or [lawful permanent resident]." 8 U.S.C. § 1229b(b)(1).

3

appeal. It agreed that Mateo did not prove that his removal would result in exceptional and extremely unusual hardship for his two U.S. citizen children or lawful permanent resident father. While acknowledging "the emotional and economic hardship likely to be caused by" Mateo's "separation from his qualifying relatives," the BIA determined that the IJ properly considered all relevant hardship factors and did not overlook any pertinent ones. J.A. 8.

Mateo timely petitioned our Court for review. Following briefing, we placed this case on hold pending the Supreme Court's decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024). The parties then submitted supplemental briefs addressing the effect of that decision.

## II

### A[2]

We begin by addressing our jurisdiction to review Mateo's petition. Agency decisions on orders of removal largely fall into two categories: discretionary decisions, which we lack jurisdiction to review pursuant to 8 U.S.C. § 1252(a)(2)(B)(i); and "constitutional claims or questions of law," which are reviewable pursuant to § 1252(a)(2)(D).

In *Guerrero-Lasprilla v. Barr*, the Supreme Court held that the "statutory phrase 'questions of law' includes the application of a legal standard to undisputed or established facts." 589 U.S. 221, 227 (2020). In the wake of that ruling, we concluded

---

[2] The BIA had jurisdiction over Mateo's application under 8 C.F.R. § 1003.1(b).

that the "exceptional and extremely unusual hardship" inquiry under 8 U.S.C.

§ 1229b(b)(1)(D) did not qualify as a question of law because it was a discretionary

decision. *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020),

*abrogated by Wilkinson v. Garland*, 601 U.S. 209 (2024). But the Supreme Court

subsequently overturned that holding in *Wilkinson v. Garland*, explaining that the

agency's "exceptional and extremely unusual hardship" determination on an established

set of facts is a "quintessential mixed question of law and fact." 601 U.S. at 212.

Mateo seeks review of the agency's hardship determination based on an

established set of facts. As a result, we have jurisdiction to review Mateo's petition

under § 1252(a)(2)(D). *Id.*

B

In *Wilkinson*, the Supreme Court did not set a specific standard of review to apply

to the hardship determination, but it did give some guidance. It recognized that "[m]ixed

questions 'are not all alike'"—they may be primarily legal or primarily factual. *Id.* at

221–22 (citation omitted). Nonetheless, it clarified that determining whether established

facts satisfy the hardship standard is a "primarily factual" mixed question, so "th[e]

review is deferential." *Id.* at 225.[3]

---

[3] Our sister circuits have yet to settle on a precise standard of review for this primarily factual inquiry. *See Cortes v. Garland*, 105 F.4th 124, 133 (4th Cir. 2024) ("[W]e leave to future decisions the task of sorting out how to apply the standard of review discussed in *Wilkinson*."); *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024) ("[W]e apply a deferential standard to review the BIA's hardship determination."); *Gonzalez-Rivas v. Garland*, ___ F.4th ___, 2024 WL 3504968, at *1 (8th Cir. July 23, 2024) ("[O]ur review is deferential.").

After *Wilkinson*, the government urges us to apply the highly deferential substantial-evidence standard, while Mateo suggests de novo review. De novo review is incompatible with the Court's direction that our review "is deferential," *id.*, but we need not determine how much deference is due because Mateo cannot prevail even if we give the agency's decision minimal deference.

## C

Cancellation of removal requires hardship "substantially beyond that which ordinarily would be expected to result from the [petitioner's] deportation." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001) (citation and emphasis omitted). Country conditions, a lower standard of living, and economic detriment are relevant "only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64.

Here, the IJ acknowledged that Mateo's removal would inflict a financial and emotional toll on his children and father, but the IJ concluded that those hardships were not exceptional and extreme.[4] The IJ found that Mateo's siblings would offset the loss of financial assistance that Mateo provides for his father, and that the children have other sources of financial support—support that has remained consistent even when Mateo fell into arrears with his child support payments. The IJ also found that Mateo's children's

---

[4] The BIA adopted the IJ's decision, so we look to both decisions. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

educational and medical needs would be met in their father's absence, and the record did not show that the children were in danger or were mistreated by Sabrina or Anthony.

Mateo argues that the IJ erred by incorrectly weighing his indigenous background, the insecure economic and social conditions that his children face with Sabrina, and his father's vulnerabilities. While the agency could have weighed these factors differently, it considered all the factors in a manner consistent with BIA precedent.

The IJ considered the evidence cumulatively. Because Mateo's evidence centered on the emotional and economic impact that his removal would have on his qualifying relatives, the IJ's opinion focused on that as well. Although the IJ did not emphasize the challenges Mateo could face in Guatemala due to his indigenous background, on this record it was appropriate for the IJ to focus instead on the known circumstances of Mateo's qualifying relatives, all of whom would remain in the United States and have alternative sources of support in Mateo's absence. The IJ's findings about Sabrina's household demonstrate that Mateo's removal would not cause the children hardship substantially beyond what would be expected when a close family member must leave the country. Similarly, notwithstanding Mateo's father's challenges, the IJ correctly concluded that he would not face exceptional or extreme hardship in light of the assistance he receives from Mateo's brothers in the United States.

\*      \*      \*

For the foregoing reasons, we will deny the petition for review.

7