NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1100
_____

ROSA LINDA RUANO-ELIAS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A208-000-450)
Immigration Judge: Arya S. Ranasinghe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 26, 2023

Before: HARDIMAN, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: August 30, 2024)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge.*

Rosa Linda Ruano Elias petitions for review of the Board of Immigration Appeals' decision affirming the denial of her application for cancellation of removal. For the reasons set forth below, we will deny the petition for review.

I

Ruano Elias is a native and citizen of Guatemala. She entered the United States in 2002 without inspection. In 2017, the Department of Homeland Security (DHS) charged her with being subject to removal because she was present in the United States without being admitted or paroled. She admitted to the charge, and an Immigration Judge found her removable under 8 U.S.C. § 1182(a)(6)(A)(i).

In 2019, Ruano Elias applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(D). To qualify for cancellation of removal under this provision, she had to demonstrate "exceptional and extremely unusual hardship" to a qualifying relative who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D).[1] Her four school-age U.S. citizen children were her qualifying relatives.

Following a hearing, the IJ credited Ruano Elias's testimony that her U.S. citizen children would accompany her to Guatemala if she were removed. Three of her children were healthy and doing well in school at the time of her application, but her son M.D. had been diagnosed with attention-deficit/hyperactivity disorder (ADHD), required special

[1] The hardship requirement is one of four statutory criteria. 8 U.S.C. § 1229b(b)(1). The other three are not at issue here.

2

supervision, and received specialized educational services because of his struggles in school. Thus, much of Ruano Elias's hardship evidence pertained to how M.D. would fare in Guatemala.

The IJ acknowledged some economic impact on all the children and potential emotional distress if they relocated to Guatemala but determined that this did not amount to exceptional and extremely unusual hardship. As to M.D., the IJ found insufficient record evidence that the educational services he received in the United States would be unavailable to him in Guatemala. Although Ruano Elias testified that Guatemala City may have the educational services M.D. needs, the IJ noted that Ruano Elias did not look into the cost of those services. Nor did she show that she could not afford those services given her own financial resources and earning potential and the potential financial assistance from her adult son who lives in Guatemala City. Considering the hardship factors cumulatively, the IJ determined that Ruano Elias had not demonstrated that her removal would result in the requisite hardship to a qualifying relative.

Ruano Elias appealed to the BIA. In her Notice of Appeal, she made two arguments relevant to the instant petition: (1) the IJ's hardship determination was erroneous, and (2) "the IJ erred by denying tabs xx-zz to be introduced into the record." AR52. She later submitted a brief that elaborated on the first argument but was silent as to the second.

The BIA addressed both arguments, discerning no errors. In reviewing the hardship question, it summarized the record evidence, including the evidence regarding M.D.'s ADHD and social and behavioral challenges, and reviewed the IJ's factual

3

findings and legal conclusions. Specifically, the BIA agreed that Ruano Elias failed to demonstrate that M.D. would not receive educational assistance in Guatemala for his learning disabilities. It considered the cumulative effects of a move to Guatemala on all four U.S. citizen children, and it concluded that Ruano Elias did not demonstrate exceptional and extremely unusual hardship as to any of the children. As to the question about certain tabbed documents, it stated that Ruano Elias "did not seek to submit any evidence tabbed XX-ZZ" and that Ruano Elias did not establish prejudice pertaining to the alleged missing evidence. AR5.

Ruano Elias timely petitioned this Court for review. In her petition, she asserts that (1) the BIA violated her right to due process by not considering the evidence at Tabs XX-ZZ; (2) the BIA failed to review the IJ's findings of fact for clear error; and (3) the BIA's hardship determination was erroneous.

## II

The Immigration and Nationality Act (INA) strips courts of jurisdiction to review judgments regarding discretionary relief, including cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). Notwithstanding that jurisdiction-stripping provision, the INA also restores our jurisdiction to review "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D).

The Supreme Court has established "[t]wo clear rules" that govern the interaction between these two provisions. *Wilkinson v. Garland*, 601 U.S. 209, 218 (2024) (citation omitted). In *Guerrero-Lasprilla v. Barr*, 589 U.S. 221 (2020), the Court held that "petitions raising mixed questions of law and fact are always reviewable as questions of

4

law under § 1252(a)(2)(D)." *Wilkinson*, 601 U.S. at 218–19 (citing *Guerrero-Lasprilla*, 589 U.S. at 225). The Court then held in *Patel v. Garland*, 596 U.S. 328 (2022), that "questions of fact underlying denials of discretionary relief are unreviewable under both § 1252(a)(2)(B)(i) and § 1252(a)(2)(D)." *Wilkinson*, 601 U.S. at 219 (citing *Patel*, 596 U.S. at 343, 347).

In *Wilkinson v. Garland*, the Court applied those two rules to the "exceptional and extremely unusual hardship" requirement for cancellation of removal. It held that the application of the statutory standard to a given set of facts presents a mixed question of law and fact. *Id.* at 221. Therefore, that "is a question of law over which § 1252(a)(2)(D) provides judicial review." *Id.* at 217 (cleaned up). *Wilkinson* abrogated this Court's previous holding that we lacked jurisdiction to review the BIA's hardship determination. *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020), *abrogated by Wilkinson v. Garland*, 601 U.S. 209 (2024).

III[2]

A

In her petition for review, Ruano Elias first asserts that the BIA violated her right to due process by failing to consider the evidence she purportedly submitted and marked as Tabs XX-ZZ. Although no documents marked as XX-ZZ appear in the administrative

---

[2] Where, as here, "the BIA adopted and affirmed the IJ's decisions and orders as well as conducting an independent analysis, we review both the IJ's and the BIA's decisions and orders. But we look to the IJ's opinion only where the BIA has substantially relied on that opinion." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

record, she argues that "it is reasonable to assume that . . . Petitioner's prior counsel submitted" these items to the IJ. Pet'r Br. at 8. But the BIA determined that she did not submit these documents to the IJ, and even if she had, she had not shown the necessary prejudice to prevail on a due process claim. We agree that Ruano Elias has not demonstrated prejudice. While this matter was pending before the BIA, she did not seek to introduce the evidence she now argues is missing from the record. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Therefore, we have no basis to determine whether the absence of that evidence prejudiced her. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) ("Where an alien claims a denial of due process because he was prevented from making his case to the BIA or the IJ, he must show (1) that he was prevented from reasonably presenting his case and (2) that "substantial prejudice resulted." (cleaned up)).

## B

Next, Ruano Elias asserts that the BIA failed to review the IJ's factual findings for clear error. Upon closer examination, however, she merely objects to the weighing and consideration of the evidence, which collapses this claim into her challenge to the hardship determination, which we address below.

## C

Finally, we turn to the BIA's hardship determination. Here, again, Ruano Elias primarily disputes the IJ's factual findings. *See, e.g.*, Pet'r Suppl. Br. at 12–13 (arguing that the IJ mischaracterized M.D.'s medical diagnosis); *id.* at 9, 12–14 (disputing the agency's findings about Ruano Elias's ability to financially support her qualifying relatives in Guatemala). We lack jurisdiction to address those disputes. *Patel*, 596 U.S.

6

at 347 ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings . . . ."). Nonetheless, she nominally asserts that the BIA improperly weighed the hardship factors presented by an established set of facts.[3] Upon review of that argument, we disagree.

1

Although *Wilkinson* establishes our jurisdiction to review the BIA's hardship determination based on an established set of facts, the Supreme Court did not set a specific standard of review. Nonetheless, it provided some guidance. It observed that "[m]ixed questions 'are not all alike'"—they may be primarily legal or primarily factual. *Wilkinson*, 601 U.S. at 221–22 (citation omitted). And it stated that whether established facts satisfy the hardship standard is a "primarily factual" mixed question, so "th[e] review is deferential." *Id.* at 225.

In supplemental briefing submitted after *Wilkinson*, the government urges us to apply the highly deferential substantial evidence standard, while Ruano Elias suggests de novo review. De novo review is incompatible with *Wilkinson*'s direction that our review "is deferential," *id.*, but we need not determine precisely how much deference is due

---

[3] We assume without deciding that she has sufficiently developed this argument to avoid forfeiture.

because Ruano Elias cannot prevail even if we give the BIA's decision minimal deference.[4]

2

"Exceptional and extremely unusual hardship" is hardship "substantially beyond that which ordinarily would be expected to result from the [applicant's] deportation." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (BIA 2001) (citation and emphasis omitted); *Pareja v. Att'y Gen.*, 615 F.3d 180, 194–95 (3d Cir. 2010) (concluding that the BIA's interpretation of the "exceptional and extremely unusual hardship" standard is a permissible construction of the statute (citations omitted)). Here, the BIA considered the hardship factors cumulatively for each of Ruano Elias's four U.S. citizen children, and it held that Ruano Elias "did not demonstrate that her children's hardship will substantially surpass the ordinary hardships that children and other family members experience when a respondent is removed from the United States." AR4. Given the established facts in this case, and according any measure of deference to the BIA's determination, Ruano Elias has not established that the BIA's conclusion is erroneous.

*　　*　　*

For the foregoing reasons, we will deny the petition for review.

---

[4] Our sister circuits also have yet to settle on a precise standard of review for this primarily factual inquiry. *See Cortes v. Garland*, 105 F.4th 124, 134 (4th Cir. 2024) ("[W]e leave to future decisions the task of sorting out how to apply the standard of review discussed in *Wilkinson*."); *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024) ("[W]e apply a deferential standard to review the BIA's hardship determination."); *Gonzalez-Rivas v. Garland*, ___ F.4th ___, 2024 WL 3504968, at *1 (8th Cir. July 23, 2024) ("[O]ur review is deferential.").