# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

—————————

No. 21-60958

—————————

Juana Santibanez-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of the Order of the Board of Immigration Appeals
Agency No. A095 248 136

———————————————————————

Before Willett, Douglas, *Circuit Judges*, and Morales, *District Judge*.[*]

Per Curiam:[†]

Petitioner-Appellant Juana Santibanez-Sanchez seeks review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her applications for adjustment of status and cancellation of removal. We initially denied her appeal for, *inter alia*, lack of jurisdiction under 8 U.S.C. § 1252(a). *See* No. 21-60958, 2022

—————————————————

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

3

No. 21-60958

WL 17844071 (5th Cir. Dec. 22, 2022) (per curiam).  Then, in March of this year, the Supreme Court handed down *Wilkinson v. Garland*, 601 U.S. 209 (2024), clarifying the extent of federal court jurisdiction under the Immigration and Nationality Act ("INA").  In light of this decision, the Court granted Santibanez-Sanchez's petition for writ of certiorari, vacated our judgment, and remanded the case for further consideration.  144 S. Ct. 1337 (2024).  We again DISMISS in part and DENY in part her petition for review.

Santibanez-Sanchez, a native and citizen of Mexico, was placed in removal proceedings in 2011.  As relevant on appeal, she applied for (1) adjustment of status per 8 U.S.C. § 1255(a), via a waiver of inadmissibility under the Violence Against Women Act ("VAWA"), *Id.* § 1182(a)(9)(C)(iii); and (2) cancellation of removal under the special rule for a battered spouse, *Id.* § 1229b(b)(2).[3]  The IJ held, and the BIA affirmed, that Santibanez-Sanchez was ineligible for either form of relief.  The Executive Office for Immigration Review ("the Agency")[4] denied her application for adjustment of status because she did not establish a "connection between" her battering or subjection to extreme cruelty and her reentry into the United States, as required for a waiver of inadmissibility under § 1182(a)(9)(C)(iii).  It also denied her application for cancellation of removal under § 1229b(b)(2)(A)(v) because she did not demonstrate that removal would cause extreme hardship to herself, her child, or her parent.

---

[3] Santibanez-Sanchez initially also brought a claim for general cancellation of removal under 8 U.S.C. § 1229b(b)(1), but she has abandoned that claim on appeal.

[4] We refer to the IJ and BIA interchangeably as "the Agency," because the BIA adopted the IJ's opinion by affirming it.  *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  For the majority of the issues discussed herein, the BIA adopted the decision of the IJ without any additional analysis, rendering the IJ's decision the relevant Agency action. *See Zhang v. Gonzales*, 432 F.3d 339, 343–45 (5th Cir. 2005).

Our jurisdiction to review Agency decisions is sharply circumscribed by 8 U.S.C. § 1252(a). Congress has placed discretionary decisions of the Attorney General and the Secretary of Homeland Security—such as the decision to grant or deny petitions for adjustment of status and cancellation of removal—beyond our jurisdictional reach. 8 U.S.C. § 1252(a)(2)(B). However, we do have the power to consider "constitutional claims or questions of law" raised in petitions for review. *Id.* § 1252(a)(2)(D). This power extends not only to pure questions of law but also to mixed questions of law and fact, *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020), even when those questions are "primarily factual" in nature, *Wilkinson*, 601 U.S. at 225.

Santibanez-Sanchez's petition raised several unexhausted claims. We note that we had long viewed 8 U.S.C. § 1252(d)(1), requiring the exhaustion of administrative remedies, to deprive our court of jurisdiction to consider arguments not made before the BIA, including at the time this appeal was initially submitted. *See, e.g.*, *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). But the Supreme Court recently held that § 1252(d)(1) is not a jurisdictional bar, but a "claim-processing rule" that "instruct[s] the court on the limits of its discretion." *Santos-Zacaria v. Garland*, 598 U.S. 411, 419–20 (2023) (internal quotation marks and citation omitted). Since *Santos-Zacaria v. Garland*, we have held that an immigrant's "failure to fairly present [to the BIA] the issues [s]he now brings on appeal constitutes a failure to exhaust." *Alejos-Perez v. Garland*, 93 F.4th 800, 805 (5th Cir. 2024) (quoting *Omari*, 562 F.3d at 322).

Santibanez-Sanchez contends that the Agency used an incorrect alien registration number ("ARN") in some of her documents, which (1) violates 8 U.S.C. § 1367(a)(2) by placing her at risk of having her personal information disclosed; and (2) invalidates her notice to appear ("NTA"), thus divesting the Agency of jurisdiction over her proceedings. But, although

she argued before the BIA that her records should be amended to reflect the correct ARN, and that this error contributed to an unreasonable delay in her proceedings, she did not raise that issue in the context of § 1367(a)(2) or her NTA. This cannot be said to have put the BIA on notice of the nature of her claims. *See Ibrahim v. Garland*, 19 F.4th 819, 826 (5th Cir. 2021). Santibanez-Sanchez thus failed to exhaust her administrative remedies as to her challenge of the use of her ARN.

Santibanez-Sanchez also asserts that she cannot be removed because "she is the beneficiary of an approved I-360 VAWA self-petition and is employment authorized." Again, this issue was not presented to the BIA. Santibanez-Sanchez suggests that the Agency was put on notice of this argument by her claim under 8 U.S.C. § 1229b(b)(2), in which she pointed out that she had already been found to meet the extreme hardship standard via her I-360 petition. But she failed to state that this finding was significant, in and of itself, such that it would preclude her removal. We therefore disagree that this claim was raised in a sufficiently "concrete" manner to put the BIA on notice. *See Ibrahim*, 19 F.4th at 826.

Santibanez-Sanchez further contends that the IJ applied the wrong standard to her application for cancellation of removal, using the "extreme and exceptionally unusual hardship" standard from 8 U.S.C. § 1229b(b)(1)(D) instead of the "extreme hardship" standard from § 1229b(b)(2)(A)(v). Even though this legal question would be given de novo consideration, it was not raised before the BIA, so again, it is unexhausted.

Although Santibanez-Sanchez did not contend before the BIA that the IJ applied the wrong standard to her cancellation of removal application, she did take issue with the way that the IJ applied the standard to the facts of

her claim.[5]  In *Wilkinson*, the Supreme Court held that whether a petitioner experienced the requisite level of hardship established by statute is a mixed question of law and fact, reviewed by a court per 8 U.S.C. § 1252(a).  601 U.S. at 217.  But "[b]ecause this mixed question is primarily factual, that review is deferential."  *Id.* at 225.  As the Government points out, the precise standard of review that should apply is an open question.  *See Cortes v. Garland*, 105 F.4th 124, 233 (4th Cir. 2024) (noting that *Wilkinson* "does not provide clear guidance as to how we must determine the degree of deference owed in any particular case").  We therefore apply a standard of review that is less stringent than de novo, but more exacting than abuse of discretion.  However, we decline to name a particular standard at this time in favor of a more general deferential perspective.[6]  *See, e.g.*, *Gomez-Vargas v. Garland*, No. 20-60429, 2024 WL 2722556, at *3 (5th Cir. May 28, 2024) (per curiam); *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024); *Yanez-Olivo v. Garland*, No. 23-3653, 2024 WL 1282607, at *1 (6th Cir. Mar. 26, 2024).

The Agency determined that the hardship that Santibanez-Sanchez and her family would experience would not be extreme, as required by 8 U.S.C. § 1229b(b)(2)(A)(v).  Factors relevant to the extreme hardship analysis include the age and health conditions of qualifying relatives, family ties in the United States and abroad, conditions in the country of removal, and business and occupation.  *Matter of Anderson*, 16 I. & N. Dec. 596, 597 (BIA 1978); 8 C.F.R. § 1240.58(b).  Santibanez-Sanchez has three U.S.-

---

[5] The Government contends that Santibanez-Sanchez also waived this argument by failing to raise the issue in her initial briefing to this court and by only mentioning it in her supplemental brief.  We are not convinced that she did not raise the issue in her opening brief to this court.  At any rate, because of the intervening change in law occasioned by *Wilkinson*, we consider her argument on its merits.

[6] At this time, we are not persuaded by the Government's argument that *Wilkinson* calls for application of the substantial evidence standard of review.

citizen children, but only one is a qualifying relative for the purposes of cancellation of removal. That child was diagnosed with depression after his father's death and has since been treated and recovered. Santibanez-Sanchez worried that her removal would cause him to relapse, but the Agency found this concern to be speculative and unsupported by medical evidence. Santibanez-Sanchez presented no evidence suggesting that her mother, who lives in Mexico, would experience hardship—extreme or otherwise—if she were to be removed. Finally, Santibanez-Sanchez would suffer emotional hardship on account of her separation from all three of her U.S.-based children, but it would be the "normal hardship that results" from removal, rather than an unusual situation warranting cancellation of removal.[7] She was raised in Mexico, speaks the language, and has family—including her mother and a son—in that country. This evidence fails to meet the "extreme hardship" threshold, which the Agency construes narrowly. *See INS v. Wang*, 450 U.S. 139, 145 (1981). Given the deferential nature of our review, as this is a primarily factual question, we cannot say that the Agency erred in denying Santibanez-Sanchez's application. *See Wilkinson*, 601 U.S. at 225.

Santibanez-Sanchez also objects to the Agency's denial of her application for adjustment of status under 8 U.S.C. § 1255(a). It denied her application after determining that, per § 1182(a)(9)(C)(iii), there was no connection between the battery or cruelty that she experienced and her reentry into this country. We review the Agency's denial with the same deferential review discussed above because whether Santibanez-Sanchez established "a connection" between the battery or cruelty that she experienced and her reentry into this country is a mixed question of law and fact that is "primarily factual." *Wilkinson*, 601 U.S. at 217. However, the

---

[7] Santibanez-Sanchez's contention that the Agency erred by failing to consider her two older sons in assessing the "totality" of her hardship is thus without merit.

facts underlying the Agency's determination, including the motive behind reentry, "remain unreviewable." *Id.* at 225.

The Agency found that the reason Santibanez-Sanchez returned to the United States in 2004 was because her children were here, and she wanted to continue living with them. And while it did find that she was concerned about leaving her children with her then-husband, she was not afraid that her husband would harm the children. Most importantly, it found that Santibanez-Sanchez never claimed that she departed or reentered the United States because she was battered or subjected to extreme cruelty. Given these factual findings, and the deferential nature of our review, we cannot conclude that the Agency erred in denying Santibanez-Sanchez's adjustment of status application for failing to demonstrate a connection between the battery or cruelty that she experienced and her reentry into this country.

Finally, Santibanez-Sanchez raises two constitutional claims. We have jurisdiction to review those arguments under 8 U.S.C. § 1252(a)(2)(D) and do so under a de novo standard of review.[8] *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). At the time that removal proceedings were initiated, Santibanez-Sanchez had three qualifying children. By the time that the Agency reviewed her applications, however, two of her three children had aged out. Santibanez-Sanchez submits that her due process rights were violated by the Government's unreasonable delay. But she fails to demonstrate that the alleged infringement of her rights affected the outcome of her proceedings. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir.

---

[8] To the extent that the Government asserts that Santibanez-Sanchez waived these arguments by failing to raise them before the IJ, it is incorrect. Constitutional claims cannot be waived and need not be exhausted. *Gonzalez-Hernandez v. Garland*, 9 F.4th 278, 286 (5th Cir. 2021), *cert denied*, 143 S. Ct. 86 (2022).

2020) (per curiam).    Santibanez-Sanchez also asserts that her equal protection rights were violated by the difference in the definition of "child" in the INA and the Child Status Protection Act.  This claim fails because Santibanez-Sanchez has not shown that the laws were applied differently to similarly situated individuals as required under the Equal Protection Clause. *See Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 507 (5th Cir. 2006).  She merely alleges that the difference in these two laws is unfair.  That is not a cognizable constitutional claim.

In sum, we hold that (1) Santibanez-Sanchez failed to exhaust her objections to the appropriate standard of hardship review, the impact of her I-360 VAWA self-petition on her removability, and the use of her ARN; (2) the Agency did not err in determining that the extreme hardship standard was unmet, nor in finding that Santibanez-Sanchez failed to demonstrate a connection between the battery or cruelty she experienced and her reentry into this country, given the deferential standard of review required; and (3) Santibanez-Sanchez's constitutional claims are without merit.  The petition for review is thus DISMISSED in part and DENIED in part.