**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

FRANCISCO JAVIER
BEDOLLA-TRUJILLO,

Petitioner - Appellant,

v.

MERRICK B. GARLAND,
United States Attorney General,

Respondent - Appellee.

No. 23-9546
(Petition for Review)

_____

**ORDER**
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

This matter is before the court on Petitioner's Petition for Rehearing and

Rehearing En Banc, which Mr. Bedolla filed after the Supreme Court issued its

opinion in *Wilkinson v. Garland*, 601 U.S. 209 (2024).  We grant the petition for

panel rehearing to revise Section 1 of the Discussion portion of the order and

judgment entered on March 15, 2024, and to make minor changes consistent with that

revision, and deny it in all other respects.  We vacate the March 15, 2024, order and

judgment and issue in its place the attached modified order and judgment.

The petition for rehearing en banc was transmitted to all of the judges of the

court who are in regular active service.  As no member of the panel and no judge in

regular active service on the court requested that the court be polled, that petition is denied.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

FRANCISCO JAVIER
BEDOLLA-TRUJILLO,

     Petitioner - Appellant,

v.

MERRICK B. GARLAND,
United States Attorney General,

     Respondent - Appellee.

No. 23-9546
(Petition for Review)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

An Immigration Judge (IJ) denied petitioner Francisco Javier

Bedolla-Trujillo's application for cancellation of removal and ordered him removed

to Mexico. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and

denied Mr. Bedolla's motion to administratively close his removal proceedings.[1] He

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We refer to the petitioner as "Mr. Bedolla," as this surname was used in the administrative proceedings.

now petitions pro se for review of the BIA's decision.[2]  We deny the petition for

review in part and dismiss in part for lack of jurisdiction.

## BACKGROUND

Mr. Bedolla is a native and citizen of Mexico who entered the United States

without inspection in 2001.  In 2018, the Department of Homeland Security (DHS)

served him with a Notice to Appear (NTA), charging him with being present in the

United States without being admitted or paroled into this country.  Mr. Bedolla

admitted the allegations in the NTA and conceded his removability.  He applied for

cancellation of removal.  *See* 8 U.S.C. § 1229b(b).

To be eligible for cancellation of removal, Mr. Bedolla had to establish

that: (1) he had been "physically present in the United States for a continuous period

of not less than [ten] years immediately preceding the date of [his] application";

(2) he had been "a person of good moral character during [that] period"; (3) he had

not been convicted of certain criminal offenses; and (4) his "removal would result in

exceptional and extremely unusual hardship" to a qualifying relative, i.e., a "spouse,

parent, or child, who is a citizen of the United States or an alien lawfully admitted for

permanent residence."  § 1229b(b)(1).

---

[2] We liberally construe Mr. Bedolla's pro se filings but do not act as his advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  This order and judgment has been revised pursuant to our grant of Mr. Bedolla's counseled petition for rehearing, which was not subject to the liberal construction accorded pro se pleadings.

The government stipulated that Mr. Bedolla's son, D.B., who was 12 years old at the time of the hearing, was a qualifying relative. At the IJ hearing, Mr. Bedolla and his wife, Yadira Bedolla-Ramirez, testified about the harm D.B. would suffer if Mr. Bedolla were removed to Mexico. Mr. Bedolla said that once D.B. learned that he had been arrested by the immigration authorities, D.B. had become depressed and his grades had suffered. He had stopped participating in school, socializing, and extracurricular activities; developed difficulties in communicating with his parents; and was in therapy. Mr. Bedolla testified that if he were removed from this country, it would destroy his children emotionally and his wife would not be able to support them.[3]

Ms. Bedolla testified she was very concerned about D.B. and the drastic changes he had recently experienced. She seconded Mr. Bedolla's testimony about D.B.'s academic, behavioral, and personal problems. She described D.B.'s therapy with a counselor. She stated that given these problems, she did not think she could take care of the children if Mr. Bedolla were removed.

In addition to this testimony, Mr. Bedolla submitted several affidavits and letters concerning his family's situation, mental health reports, and evidence of his good moral character. He also submitted other supporting documentation including articles about conditions in Mexico.

---

[3] Mr. Bedolla also has a non-qualifying daughter, who was 18 at the time of the hearing.

In his decision, the IJ found that Mr. Bedolla met the first three requirements for cancellation, but he had not shown that D.B. would suffer exceptional and extremely unusual hardship if Mr. Bedolla were removed from the United States. He stated D.B.'s "emotional turmoil is an unfortunate yet common reaction to potential separation as a result of immigration proceedings." R., Vol. II at 55. He noted D.B.'s family ties, counseling, government-provided medical coverage, and educational support system, all of which would remain intact even if Mr. Bedolla were removed. The IJ opined that the financial hardship the family would face, while real, was not uncommon in removal cases. Even considered in the aggregate, the IJ concluded, the hardships that would follow removal were not exceptional and extremely unusual. He therefore denied cancellation relief and ordered Mr. Bedolla removed to Mexico.

Mr. Bedolla appealed to the BIA. In connection with the appeal, he filed a motion to administratively close his proceedings. In the motion, he again noted the hardship that would result to D.B. if he were removed, and argued his case was not a priority for the DHS because Mr. Bedolla did not pose a risk to national security, public safety, or border security. The DHS opposed the motion.

The BIA dismissed Mr. Bedolla's appeal. It adopted the IJ's decision and concluded that for the reasons stated in that decision, "the factors presented are not sufficient to rise to the level of exceptional and extremely unusual hardship as required for cancellation of removal." *Id.* at 4. The BIA also denied the motion to administratively close the proceedings, concluding Mr. Bedolla had not shown his

4

entitlement to administrative closure and that prosecutorial discretion lay solely within the authorization of the DHS, not the IJ or the BIA.

Mr. Bedolla filed a timely petition for review.

## DISCUSSION

This case involves a single BIA member's brief order under 8 C.F.R. § 1003.1(e)(5). We review that order as the final agency determination, "limit[ing] our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). When the BIA adopts the IJ's rationale by reference, as it did here, "[w]e may consult the IJ's decision to give substance to the BIA's reasoning." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). "We review the BIA's legal determinations *de novo*, and its findings of fact for substantial evidence." *Aguayo v. Garland*, 78 F.4th 1210, 1216 (10th Cir. 2023).

1. **The agency did not reversibly err in concluding Mr. Bedolla failed to establish exceptional and extremely unusual hardship to a qualifying relative.**

The agency's application of the "exceptional and extremely unusual hardship" standard to a given set of facts presents a reviewable question of law over which a reviewing court has jurisdiction. *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024).[4]

---

[4] In our initial decision, the panel determined we lacked jurisdiction over Mr. Bedolla's challenge to the agency's hardship determination. We cited *Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020), and concluded Mr. Bedolla had not presented any reviewable issues of law concerning the hardship issue. *Wilkinson* has abrogated *Galeano-Romero* and forecloses our earlier approach. *See Martinez v. Garland*, 98 F.4th 1018, 1020-21 (10th Cir. 2024) (discussing effect of *Wilkinson*). We therefore resolve Mr. Bedolla's challenge on the merits. But in doing so, we will address only the merits issues he presented in briefing his petition

"Because this mixed question is primarily factual, that review is deferential." *Id.* at 225 (brackets, ellipsis, and internal quotation marks omitted); *see also Martinez v. Garland*, 98 F.4th 1018, 1020-21 (10th Cir. 2024) ("[W]e apply a deferential standard to review the BIA's hardship determination."). The facts underlying the agency's determination remain unreviewable. *Wilkinson*, 601 U.S. at 225.

"To meet [the hardship] standard, a noncitizen must demonstrate that a qualifying relative would suffer hardship that is substantially different from or beyond that which would ordinarily be expected to result from their removal, but need not show that such hardship would be unconscionable." *Id.* at 215 (internal quotation marks omitted). The analysis should consider all hardship factors in the aggregate, including the age and health of the qualifying family relative. *Id.*

As noted, the IJ concluded based on the evidence presented that the hardships that would result from Mr. Bedolla's removal were not exceptional and extremely unusual. In this petition, Mr. Bedolla reiterates the cumulative hardships his family, including his son D.B., will face, including the emotional and financial impact of his removal. But given our deferential standard of review, we perceive no reversible

---

for review. To the extent his counseled petition for rehearing raises new challenges to the agency's decision, we decline to consider them. *See United States v. Charley*, 189 F.3d 1251, 1264 n.16 (10th Cir. 1999) ("It is axiomatic that petitions for rehearing are permitted to enable parties to notify, and to correct, errors of fact or law on the issues already presented; they are not meant to permit parties to assert new grounds for relief." (brackets, ellipsis, and internal quotation marks omitted)).

error in the agency's determination that he failed to satisfy the standard for exceptional and extremely unusual hardship.

**2. The BIA correctly concluded that it lacks the authority to exercise prosecutorial discretion on Mr. Bedolla's behalf. In addition, we lack jurisdiction to review the agency's failure to exercise its prosecutorial discretion.**

Mr. Bedolla also challenges the BIA's conclusion that it lacked the ability to close his case as a matter of prosecutorial discretion. To the extent he has raised a reviewable legal issue, we deny review. The BIA correctly concluded as a matter of law that it lacks the authority to exercise prosecutorial discretion, which is committed exclusively to the DHS. *See Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015) (stating "neither an IJ nor the BIA has the authority to review the government's prosecutorial discretion decisions"). And to the extent Mr. Bedolla attempts to challenge the refusal of the DHS to exercise prosecutorial discretion on his behalf, he has not shown we have jurisdiction to review that decision. *See id.* (citing 8 U.S.C. § 1252(g)).[5]

---

[5] Mr. Bedolla also contends that recent, more flexible guidelines adopted by the DHS for the exercise of prosecutorial discretion, which he claims have been affirmed by the United States Supreme Court, have made him a "candidate for cancellation of removal." *See* Pet'r. Br. at 2. But to the extent this contention raises a legal issue, he has not explained how these guidelines have any effect on the BIA's determinations that he did not meet the hardship requirement, was ineligible for cancellation relief, and did not show his entitlement to administrative closure.

### 3. Mr. Bedolla has not developed a cognizable challenge to the BIA's denial of his motion to administratively close his case.

To the extent Mr. Bedolla is raising a challenge to the BIA's denial of his motion to administratively close his case for reasons other than prosecutorial discretion, we also deny review. "Immigration Judges and the Board have the authority, in the exercise of independent judgment and discretion, to administratively close proceedings." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 694 (BIA 2012).[6] Administrative closure "is used to temporarily remove a case from an Immigration Judge's active calendar or from the Board's docket . . . to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Id.* at 692 (citation omitted).[7]

The BIA denied Mr. Bedolla's request for administrative closure because it determined (1) he had not given a valid reason for administrative closure; (2) the DHS stated a valid basis for opposing the motion; (3) the anticipated duration of the administrative closure was uncertain; and (4) the ultimate outcome of the proceedings would be unchanged from a removal order. Mr. Bedolla does not explain why any of

---

[6] The Attorney General overruled *Avetisyan* in *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (Atty. Gen. 2018). But *Castro-Tum* was itself later overruled by *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326 (Atty. Gen. 2021), which held that "except when a court of appeals has held otherwise, immigration judges and the Board should apply the standard for administrative closure set out in *Avetisyan*." *Id.* at 329.

[7] Mr. Bedolla also asks *this court* to administratively close his case. He does not show we have any authority to do so.

8

the BIA's reasons were incorrect, other than to reiterate his assertion that he qualifies for cancellation relief and the BIA should have exercised prosecutorial discretion on his behalf. For reasons we have already explained, we either cannot review the agency's discretionary determinations on those issues or Mr. Bedolla's challenge to them fails. We therefore lack any basis to review his challenge to the BIA's failure to administratively close his case.

## CONCLUSION

We deny Mr. Bedolla's petition for review in part and dismiss it in part for lack of jurisdiction.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge