**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NOE HERMOSILLO-ROBLES,

    Petitioner,

v.

PAMELA J. BONDI, United States
Attorney General,

    Respondent.

No. 24-9552
(Petition for Review)

_____

**ORDER AND JUDGMENT***

_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.

_____

    Noe Hermosillo-Robles petitions for review of a Board of Immigration

Appeals ("BIA") decision affirming an immigration judge's ("IJ") ruling denying

cancellation of removal for failure to establish exceptional and extremely unusual

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

hardship to his family members.  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

## I.  **BACKGROUND**

For cancellation of removal, Mr. Hermosillo-Robles must show he "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding [his application]; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain enumerated crimes]; and (D) establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States."  8 U.S.C. § 1229b(b)(1).  This case concerns the fourth requirement.

### A.  *Factual History*

Mr. Hermosillo-Robles, a native and citizen of Mexico, entered the United States in 2002, without being admitted or paroled by an immigration officer. He has remained in the United States since then.

### B.  *Procedural History*

#### 1.  **Removal Hearing**

On August 23, 2017, the Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Hermosillo-Robles.  At a hearing before the IJ, he admitted the factual allegations and conceded removability.  The IJ sustained the removability charge and designated Mexico as the country of removal. Mr. Hermosillo-Robles sought cancellation of removal or, alternatively, voluntary departure.

2

2.  **Cancellation of Removal Hearing**

On February 22, 2022, Mr. Hermosillo-Robles appeared before the IJ for a hearing on the merits of his cancellation of removal application.

DHS conceded Mr. Hermosillo-Robles met two of the eligibility criteria— he had been physically present in the United States continuously for at least 10 years and had not been convicted of a disqualifying crime. *See* 8 U.S.C. § 1229b(b)(1)(A), (C).

Mr. Hermosillo-Robles supported his application with direct testimony and documentary evidence. He said his removal would result in extreme and unusual hardship to his two biological U.S. citizen children—a son and daughter, nine and seven at the time. Mr. Hermosillo-Robles testified he had "really good" relationships with them. AR, Vol. I at 124-25. He cared for the children along with their mother. He saw his children daily when he picked them up and dropped them off at school. His son stayed with him on the weekends and for two hours every Wednesday. Both children were healthy and doing well in school, though his daughter was sad after her parents' separation.

Mr. Hermosillo-Robles also testified that, if removed to Mexico, he would not be able to support his children financially to the same extent he was doing then as a tile remodeler. He conceded that he would likely find work as a welder in Mexico.

3.  **IJ's Decision**

The IJ issued an oral decision denying the application. He found Mr. Hermosillo-Robles satisfied the statutory requirements of continuous physical

presence in the United States for at least 10 years, good moral character, and no disqualifying criminal convictions. But he concluded that Mr. Hermosillo-Robles had not demonstrated his removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D).

In support of its hardship determination, the IJ noted Mr. Hermosillo-Robles could "continue to provide [financial] support from Mexico," and that the children could still "rely on their mother as well for [] financial support" in the event of his removal. AR, Vol. I at 53-54. Further, the IJ found Mr. Hermosillo-Robles had not demonstrated his removal would cause "emotional, moral, [or] behavioral issues" for his children beyond "what is in the vision of the law with regards to that which is ordinarily expected to result from a person's removal from the United States." *Id.* at 54.[1]

4. **BIA Proceedings**

In his appeal to the BIA, Mr. Hermosillo-Robles challenged the IJ's finding that his removal would not cause exceptional and extremely unusual hardship to "his two qualifying relative children." *Id.* at 27, 38; *see id.* at 14-28, 35-39. He introduced additional arguments, stating that the hardship would be "compounded"

---

[1] In the IJ proceedings, Mr. Hermosillo-Robles claimed additional qualifying relatives—including his current girlfriend and two stepchildren from his previous marriage. The IJ found Mr. Hermosillo-Robles had not met his burden of establishing they were qualifying relatives. Mr. Hermosillo-Robles did not dispute this determination in his appeal to the BIA and does not raise it in his petition for review. *See* Pet'r Br. at 8; Resp't Br. at 9 (asserting Mr. Hermosillo-Robles waived this issue).

because the children's mother also lacked legal status. *Id.* at 23. He also contended that, due to the strained relationship between him and the children's mother, "it is very questionable if [she] would send her children to Mexico" to see him, and that "[i]t would be very difficult . . . to get or enforce" a child custody agreement from Mexico. *Id.* at 24.

The BIA affirmed, adopting the IJ's opinion in full, and dismissed the appeal. Mr. Hermosillo-Robles filed a timely petition for review.

## II. **DISCUSSION**

In his petition, Mr. Hermosillo-Robles argues the IJ "erred in determining that [he] did not establish either of his two qualifying relative children would suffer hardship rising to the level of exceptional and extremely unusual upon his removal." Pet'r Br. at 8. Mr. Hermosillo-Robles has not shown the IJ erred.

### A. *Standard of Review*

The hardship determination is a "mixed question" of law and fact that is "primarily factual," to which we apply a "deferential" standard of review. *Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)).[2]

---

[2] We have not elaborated on the "deferential standard of review" for hardship determination challenges that was first announced in *Wilkinson*. *See Martinez*, 98 F.4th at 1021. The Government urges us to adopt a substantial evidence review standard. *See* Resp't Br. at 13; *see also* Doc. 33 at 1 (citing *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025)). We decline to do so in this case because Mr. Hermosillo-Robles's petition would fail regardless of the precise deferential standard applied.

Because the BIA adopted the IJ's decision, we review that decision as if it were the BIA's. *Arostegui-Maldonado v. Garland*, 75 F.4th 1132, 1143 (10th Cir. 2023); *see Wiransane v. Ashcroft*, 366 F.3d 889, 897 (10th Cir. 2004).

B. *Legal Background*

The Attorney General may cancel the removal of a noncitizen from the United States if the noncitizen can meet statutory eligibility criteria, 8 U.S.C. § 1229b(b), including, as noted above, "that removal would result in exceptional and extremely unusual hardship to the [petitioner's] spouse, parent, or child, who is a citizen of the United States," *id.* § 1229b(b)(1)(D); *see id.* § 1229a(c)(4)(A). "Under this standard, the applicant must establish hardship that is 'substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here.'" *Martinez*, 98 F.4th at 1021 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001) (en banc)).

The IJ must consider hardship factors such as the "ages, health, and circumstances of qualifying" relatives. *Monreal-Aguinaga*, 23 I. & N. Dec. at 63. "A lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63-64; *see Martinez*, 98 F.4th at 1021 ("[T]he BIA has noted that an applicant whose child has very serious health issues, or compelling special needs in school might qualify. But economic detriment and diminished educational opportunities are insufficient." (internal citations and quotations

6

omitted)).  "[A]ll hardship factors should be considered in the aggregate."
*Monreal-Aguinaga*, 23 I. & N. Dec. at 64.

### C.  *Application*

The IJ correctly recited facts regarding possible hardship, including the
children's ages, citizenship, health, school performance, mental and behavioral
issues, and emotional and financial support they receive from their father and others.
The IJ concluded from these facts that Mr. Hermosillo-Robles did not demonstrate
hardship beyond "what is in the vision of the law with regards to that which is
ordinarily expected to result from a person's removal from the United States."
AR, Vol. I at 54; *see In re Andazola-Rivas*, 23 I. & N. Dec. 319, 324 (B.I.A. 2002)
(en banc) (finding qualifying school-age children's separation from a parent due to
removal is "common," and insufficient to satisfy the exceptional and extremely
unusual hardship standard).

On appeal, Mr. Hermosillo-Robles argues that under *In re Gonzalez Recinas*,
23 I. & N. Dec. 467 (B.I.A. 2002) (en banc), he need not show "unconscionable"
hardship "to qualify as substantially beyond what is ordinarily expected."
Pet'r Reply Br. at 6 (quotations omitted); *see* Pet'r Br. at 8.  But *Recinas* is
distinguishable.

In *Recinas*, the BIA found that the removal of Ms. Recinas, a single mother of
six children, would cause exceptional and extremely unusual hardship to her four
U.S. citizen children.  *Recinas*, 23 I. & N. Dec. at 469-72.  Because she had "no
family to return [with her to] Mexico" and would be "solely responsible" for the

children's care, this lack of support would "severely hamper" her ability to find employment in Mexico and provide a "safe and supportive home for her children." *Id.* at 471. The BIA said Ms. Recinas's situation was a close case, falling "on the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met." *Id.* at 470.

Mr. Hermosillo-Robles has not shown this level of hardship. His two children live with their mother, who remains in the United States. *See id.* at 472 (stating the factors supporting Ms. Recinas's hardship finding are "unusual and will not typically be found in most other cases, where respondents have smaller families and relatives who reside in both the United States and their country of origin"). And although she lacks legal status in the United States, she is a native and citizen of Mexico, meaning her removal would likely result in the family's reunification. *See Monreal-Aguinaga*, 23 I. & N. Dec. at 57, 64 (finding, where the applicant's wife had already voluntarily departed to Mexico, "should the children go to Mexico with their father, the family will be reunited"); *see also Andazola-Rivas*, 23 I. & N. Dec. at 323 ("In assessing hardship, we should not consider the fact that the respondent's extended family is here illegally, rather than in Mexico, as a factor that weighs in her favor.").

Further, unlike *Recinas*, both parents provide financial support to the children. *See Recinas*, 23 I. & N. Dec. at 471 (noting the petitioner was the sole provider for six children). Mr. Hermosillo-Robles's ability to find welding work in Mexico mitigates the financial impact of his removal. *Monreal-Aguinaga*, 23 I. & N. Dec.

8

at 64 (finding no exceptional hardship when petitioner was healthy and would work in Mexico to support his qualifying relatives).

Mr. Hermosillo-Robles notes that "prevailing wages in Mexico are much lower than in the United States," Pet'r Reply Br. at 6, and argues that his removal will decrease his children's "standard of living," "the possibility of [them] visiting" Mexico, and their "opportunities for post-secondary education," Pet'r Br. at 11. But "economic detriment and diminished educational opportunities are insufficient" to establish exceptional and extremely unusual hardship. *Martinez*, 98 F.4th at 1021; *see also Andazola-Rivas*, 23 I. & N. Dec. at 323 (finding Mexico's "poor economic conditions" alone are "insufficient" to support a hardship finding).

Mr. Hermosillo-Robles must show hardship that is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Monreal-Aguinaga*, 23 I. & N. Dec. at 62; *see Martinez*, 98 F.4th at 1022 ("While the hardships faced by [the petitioner] and his family are undoubtedly difficult, they do not rise to the level of exceptional or extremely unusual hardship."). He has not established, under our deferential standard of review, that the IJ erred in concluding he failed to show the required level of hardship.

## III. **CONCLUSION**

We deny the petition for review.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge