**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 10, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JULIO CESAR ACOSTA CRUZ,

     Petitioner,

v.

PAMELA J. BONDI,
United States Attorney General,

     Respondent.

No. 23-9601
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**,
Circuit Judge.

_____

Julio Cesar Acosta Cruz, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals (Board or BIA) upholding the

denial of his application for cancellation of removal for failure to establish

exceptional and extremely unusual hardship to his United States citizen spouse.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Exercising jurisdiction under 8 U.S.C. § 1252(a), we dismiss the petition for review in part and deny the remainder.

## BACKGROUND

Mr. Acosta Cruz entered the United States without being admitted or paroled and has lived in the country continuously since 1991. After the Department of Homeland Security charged him with removability, he conceded the charge and filed for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1).

Cancellation of removal involves a two-step process before an immigration judge (IJ). *See Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). "First, the IJ must decide whether the noncitizen is eligible for cancellation under the relevant statutory criteria. Second, an IJ decides whether to exercise [her] discretion favorably and grant the noncitizen relief in the particular case." *Id.* at 212-13. This case involves the first step.

To demonstrate his eligibility for cancellation of removal, Mr. Acosta Cruz had to establish (1) he had been physically present in the United States for at least ten years; (2) he had a good moral character during that period; (3) he was not convicted of a disqualifying offense; and (4) his removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See* § 1229b(1)(A)-(D). Here, the IJ found the first three requirements were satisfied and moved on to the fourth.

The IJ determined that Mr. Acosta Cruz had one qualifying relative—his wife, United States citizen Peggy Sue Acosta. Both Mr. Acosta Cruz and Ms. Acosta testified at a hearing before the IJ, who found them to be credible witnesses. They

testified Ms. Acosta has uncontrolled Type 2 diabetes, which causes several mental and physical complications and requires multiple medications.  Ms. Acosta would remain in the United States if Mr. Acosta Cruz were removed.  Although she works and her job affords her medical insurance, her insurance does not entirely cover her medications and Mr. Acosta Cruz pays for much of the additional costs.  He also pays for other expenses of daily living, such as the rent for their house, and he cares for her when her diabetes and other conditions require it.

Given these circumstances, Mr. Acosta Cruz asserted Ms. Acosta would suffer extreme physical, emotional, and financial harm from his removal.  But the IJ concluded the hardship to Ms. Acosta did not rise to an "exceptional and extremely unusual" level.  First, the IJ found Ms. Acosta's medical conditions, even considered in the aggregate, did "not amount to the 'very serious health issues' contemplated by the 'exceptional and extremely unusual' standard."  R., vol. 1 at 61 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001)).  Next, she found that Ms. Acosta would still be able to access medical treatment and care for herself, both physically and financially, in Mr. Acosta Cruz's absence.  And finally, she found Mr. Acosta Cruz had alternative means of immigrating to the United States—namely, pursuing adjustment of status to lawful permanent resident through his United States citizen wife.  The IJ thus denied the application.

The Board upheld the denial of relief.  It agreed with the IJ "that the hardship [Ms. Acosta] will suffer in the aggregate does not meet the high threshold of exceptional and extremely unusual." *Id.* at 4.  It found the IJ did not clearly err in

3

finding Ms. Acosta would be able to obtain medical treatment even in Mr. Acosta Cruz's absence, and it rejected Mr. Acosta Cruz's argument the IJ failed to consider the entirety of the hardship evidence. Nor was it persuaded by his assertion that the IJ erred in finding he could pursue adjustment of status. The Board concluded alternative means to immigrate was only one of several reasons underlying the IJ's decision. Nevertheless, even assuming Mr. Acosta Cruz could not adjust his status, the Board held he still did not show the hardship to Ms. Acosta met the "exceptional and extremely unusual" standard.

## DISCUSSION

### I.   Legal Standards

"When, as here, a single BIA member issues a reasoned decision addressing a petitioner's arguments on appeal, we confine our review to the BIA's decision and will not address the IJ's decision except where the BIA has explicitly incorporated [her] reasoning." *Miguel-Pena v. Garland*, 94 F.4th 1145, 1153 (10th Cir.) (brackets, ellipsis, and internal quotation marks omitted), *cert. denied*, 145 S. Ct. 545 (2024). "[B]ut we are not precluded from consulting the IJ's more complete explanation of those same grounds" on which the Board based its decision. *Aguayo v. Garland*, 78 F.4th 1210, 1216 (10th Cir. 2023) (internal quotation marks omitted).

Although this court cannot review certain denials of discretionary relief, *see* § 1252(a)(2)(B)(i), we retain jurisdiction to review questions of law, *see* § 1252(a)(2)(D). The Supreme Court has clarified "that the application of the exceptional and extremely unusual hardship standard to a given set of facts is

reviewable as a question of law under § 1252(a)(2)(D)." *Wilkinson*, 601 U.S. at 217. "Because this mixed question is primarily factual, that review is deferential." *Id.* at 225; *see also Martinez v. Garland*, 98 F.4th 1018, 1021 (10th Cir. 2024) ("[W]e apply a deferential standard to review the BIA's hardship determination.").[1] But we do not review "[t]he facts underlying any determination on cancellation of removal." *Wilkinson*, 601 U.S. at 225. Therefore, "[a]n IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable." *Id.* "Only the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review." *Id.*

"To meet [the hardship] standard, a noncitizen must demonstrate that a qualifying relative would suffer hardship that is substantially different from or beyond that which would ordinarily be expected to result from their removal, but need not show that such hardship would be unconscionable." *Id.* at 215 (internal quotation marks omitted). The analysis considers all hardship factors in the aggregate. *Id.*

---

[1] We have not elaborated on the "deferential standard of review" for hardship determination challenges that *Wilkinson* announced. *Martinez*, 98 F.4th at 1021. The Government urges us to review for substantial evidence. *See* Resp't Br. at 12. We need not further define here the appropriate level of deference owed because the petition fails regardless of the precise standard applied.

II.    **We dismiss Mr. Acosta Cruz's petition in part and deny review in part.**

A.    **The argument that the Board mischaracterized evidence presents a nonreviewable challenge to a factual determination.**

Mr. Acosta Cruz first argues the Board "commit[s] an error of law where some facts important to the subtle determination of exceptional and extremely unusual hardship have been seriously mischaracterized." Pet'r's Opening Br. at 21. More specifically, he "asserts that the Board and IJ erred as a matter of law in seriously mischaracterizing his financial support of his wife's medical condition." *Id.* at 22. He then reviews the testimony, highlighting his disagreements with the agency's consideration of the evidence and stating, "[t]he question for this Court [is] whether there was clear error whether [Ms. Acosta] could continue to obtain medical treatment in the U.S." *Id.*

Mr. Acosta Cruz dresses his assertions in the language of legal review. At its heart, however, his argument is that the Board and the IJ erred in assessing the evidence and in making findings regarding the level of financial support Ms. Acosta requires from him and whether she could continue her medical treatment if he were to be removed. That is a challenge to a factual determination. *See Wilkinson*, 601 U.S. at 225 (characterizing "the level of financial support a noncitizen currently provides" as a factual finding); *cf. Galeano-Romero v. Barr*, 968 F.3d 1176, 1185 (10th Cir. 2020) ("[S]uch arguments that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome do not state a colorable constitutional claim." (internal quotation marks omitted)), *abrogated on other grounds by*

6

*Wilkinson*, 601 U.S. at 217.  As such, we cannot review this argument.
*See Wilkinson*, 601 U.S. at 225 ("[A]n IJ's factfinding on . . . the level of financial support a noncitizen currently provides remain[s] unreviewable.").

### B.     The Board did not impermissibly engage in factfinding.

Mr. Acosta Cruz next argues the Board erred by "impermissibly applying an additional hardship standard beyond established caselaw."  Pet'r's Br. at 24.  He challenges the Board's citation to *In re J-J-G-,* 27 I. & N. Dec. 808, 811 (BIA 2020), when the Board concluded he had "not demonstrated clear error in the Immigration Judge's finding that [his] wife would be able to continue to obtain her medical treatment in the United States, even in [his] absence," R., vol. 1 at 4.  He contends that instead of requiring him to show only that Ms. Acosta had a serious medical condition, which he asserts he did, "the Board relied on *J-J-G-* for imposing an additional requirement on Mr. Acosta Cruz to demonstrate that his wife would not be able to continue to obtain her treatment in the U.S."  Pet'r's Opening Br. at 25.  It is unclear, however, exactly what Mr. Acosta Cruz is arguing with regard to the Board's reliance on *J-J-G-*.

In some respects, Mr. Acosta Cruz appears to be challenging findings made by the IJ and accepted by the Board.  For example, in his opening brief, he "asserts that his wife does not suffer from the run of the mill diabetes, and that her complications resulting from this uncontrolled illness for so many years, rises to the level of a serious health issue as contemplated by the Board in *Matter of J-J-G-*."  *Id.* at 26.  And in his reply brief, he "reasserts [the] argument" that "the IJ erred in finding that

7

his wife could effectively continue to receive medical treatment for her conditions if [he] was removed from the United States." Pet'r's Reply Br. at 13. Like Mr. Acosta Cruz's first argument, however, these assertions ask us to review unreviewable factual findings. *See Wilkinson*, 601 U.S. at 225 ("An IJ's factfinding on . . . the seriousness of a family's member's medical condition . . . remain[s] unreviewable.").

The government interpreted Mr. Acosta Cruz as arguing he need only show that Ms. Acosta has a serious medical condition, and that treatment or mitigation is irrelevant to establishing hardship. It argues he did not administratively exhaust that contention. *See* Resp't Br. at 18-19. In his reply brief, however, Mr. Acosta Cruz states he is not arguing Ms. Acosta's ability to continue treatment is irrelevant to the hardship inquiry, "and in fact, [he] concedes that ability to seek treatment is a relevant consideration." Pet'r's Reply Br. at 11. What he *is* arguing, he clarifies in his reply brief, is that the Board engaged in impermissible factfinding by applying *J-J-G-* retroactively:

> The application of *Matter of J-J-G-* by the Board, without any specific relevant findings from the IJ, and without providing the Petitioner with the ability to specifically offer testimonial and other evidence to conform with the test of *Matter of J-J-G-*, shows clearly that the Board overstepped its authority of review by making its own factual findings.

*Id.* at 12.

8

We disagree.[2]  The Board cited *J-J-G-* for two propositions:  that (1) "the exceptional and extremely unusual hardship for cancellation of removal is based on a cumulative consideration of all hardship factors for the qualifying relative," and (2) "whether adequate medical care is reasonably available is a finding of fact and reviewed on appeal under a clearly erroneous standard."  R., vol. 1 at 4.  The Board did not make its own factual findings regarding the availability of medical treatment for Ms. Acosta, but instead it reviewed the IJ's findings for clear error, discussing evidence the IJ identified.  Thus, to the extent Mr. Acosta Cruz argues the Board's citation to *J-J-G-* means it impermissibly made factual findings, his argument is misplaced.

## C.    The Board did not impermissibly depart from its own precedent.

Finally, Mr. Acosta Cruz challenges the determination that Ms. Acosta's circumstances did not establish exceptional and extremely unusual hardship.

The hardship standard "requires an IJ to evaluate a number of factors in determining whether any hardship to a U.S.-citizen or permanent-resident family member is 'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family member.'"  *Wilkinson*, 601 U.S. at 222 (brackets omitted) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 65).  Mr. Acosta Cruz requests that we direct the Board to apply, in all cases, all the

---

[2] We do not consider the government's failure-to-exhaust argument. Mr. Acosta Cruz asserts that the government misunderstood his position, and he concedes the argument the government perceived him to be making.

hardship factors from *Monreal-Aguinaga*; *In re Andazola-Rivas*, 23 I. & N. Dec. 319 (BIA 2002); and *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (BIA 2002). He contends that the Board did not apply all the factors from these cases in his case.

However, "each case must be assessed and decided on its own facts." *Monreal-Aguinaga*, 23 I. & N. Dec. at 63. We do not require the agency to discuss every piece of evidence. *See Maatougui v. Holder*, 738 F.3d 1230, 1242-43 (10th Cir. 2013); *Hadjimehdigholi v. INS*, 49 F.3d 642, 648 n.2 (10th Cir. 1995). And here, there is no indication that the Board and the IJ did not consider all the factors relevant to this case. *See* R., vol. 1 at 4 (summarizing salient evidence and stating that "the Immigration Judge's decision reflects a consideration of the entirety of hardship evidence presented, including all of the factors impacting the financial hardship to his wife upon his removal").

The true thrust of Mr. Acosta Cruz's argument is his disagreement with *how* the Board and the IJ evaluated the various factors. He reiterates the cumulative hardships he and Ms. Acosta will face, again emphasizing her medical conditions and need for his financial support. But he does not show that the Board acted contrary to its precedent in deciding his case. Some of the factors here may differ from the Board's precedential cases, but that does not mean the Board erred in concluding that in these circumstances, considered cumulatively, the hardship to Ms. Acosta is not exceptional and extremely unusual.

Mr. Acosta Cruz challenges the IJ's finding that he potentially could lawfully return to the United States. He asserts that contrary to the IJ's finding, he has no

alternative lawful means of immigrating to the United States in the foreseeable future, and he argues the Board erred in "affirm[ing] the IJ's hardship determination where the ability to immigrate to the U.S. was a key finding in considering all the factors," Pet'r's Opening Br. at 33. He contends his wife's hardship "is exponentially multiplied by the fact that he has no alternative means to immigrate to the U.S., potentially ever, and supports a hardship finding in his case. As such, it was clear error for the Board to not consider all of these factors in the cumulative." *Id.* at 33-34.

The applicant's inability to return factored into a grant of cancellation of removal in *Gonzalez Recinas*, 23 I. & N. Dec. at 472. The facts in *Gonzalez Recinas*, however, were distinctly different from the facts here. *See* 23 I. & N. Dec. at 471-72 (applicant was a single mother of four young United States citizens and two other children who were entirely dependent on her and would all accompany her to Mexico, where she had no family and would struggle to support them). More importantly, contrary to Mr. Acosta Cruz's argument, here the Board did consider that he could not lawfully return in conjunction with other evidence. *See* R., vol. 1 at 4-5. Keeping in mind our review is deferential, we cannot conclude the Board erred in deciding Mr. Acosta Cruz did not satisfy the statutory standard.

**CONCLUSION**

We dismiss the portions of the petition seeking review of unreviewable matters and deny the remainder of the petition for review.

Entered for the Court

Gregory A. Phillips
Circuit Judge